554 So.2d 114 (1989)
STATE of Louisiana, Appellee,
v.
Frederick O. BALL, Appellant.
No. 21366-KW.
Court of Appeal of Louisiana, Second Circuit.
December 6, 1989.
*115 Dennis G. Stewart, Delhi, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, William R. Coenen, Jr., Dist. Atty., E. Rudolph McIntyre, Jr., Asst. Dist. Atty., Winnsboro, for appellee.
Before HALL, C.J., and FRED W. JONES, Jr. and NORRIS, JJ.
HALL, Chief Judge.
Defendant, Frederick O. Ball, was convicted of attempted second degree murder and sentenced to 40 years at hard labor. He filed an application for post-conviction relief with the trial court asserting that he was unconstitutionally denied effective assistance of counsel. The trial court found that although the defendant's trial counsel made significant errors at trial, the representation viewed as a whole was competent. Also, the court ruled that the defendant failed to prove that his trial was prejudiced by the errors shown. Defendant's writ application to this court is directed at the trial court's denial of his application for post-conviction relief. For reasons expressed in this opinion we reverse, set aside defendant's conviction, and remand the case for a new trial.
The trial court instructed the jury that it could convict the defendant of attempted second degree murder if it found that the defendant had either a specific intent to kill or a specific intent to inflict great bodily harm. Inclusion of the phrase "or to inflict great bodily harm" in an instruction for attempted second degree murder is reversible error. State v. Butler, 322 So.2d 189 (La.1975); State v. Guin, 444 So.2d 625 (La.App. 3d Cir.1983). While specific intent to either kill or to inflict great bodily harm will support a conviction of second degree murder under LSA-R.S. 14:30.1, only specific intent to kill will support a conviction of attempted second degree murder in violation of LSA-R.S. 14:30.1 and LSA-R.S. 14:27.
Not only did defendant's counsel fail to object to the erroneous instruction, but he also allowed the prosecuting attorney to state to the jury that they could convict the defendant of attempted second degree murder based on this standard. Defense counsel himself told the jury that the state needed to prove an intent to kill or an intent to inflict great bodily harm for a conviction of attempted second degree murder to be proper. Defendant argues that these errors are sufficient to establish his claim for ineffective assistance of counsel.
The test for effectiveness of counsel is two-pronged. First, the defendant must show that the counsel's performance was deficient, that counsel made errors so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment. Second, defendant must show that the deficient performance prejudiced the defense by showing that the counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Strickland v. Washington, 466 *116 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State ex rel. Busby v. Butler, 538 So.2d 164 (La.1988). Therefore, the benchmark for judging any such claim is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial court can not be relied on as having produced a just result. Strickland, 466 U.S. at p. 686, 104 S.Ct. at p. 2063; State ex rel. Busby v. Butler at p. 167. Only if petitioner shows both error and prejudice will his conviction be found unreliable and set aside.
Counsel has a duty to bring sufficient skill and knowledge to the trial which will render it a reliable adversarial process. Knowledge of the elements of the crime for which counsel's client is charged is essential if counsel is to provide competent assistance to his client. In this case, counsel allowed the trial court to erroneously charge the jury concerning the necessary elements of attempted second degree murder without objection. Counsel did not object when the prosecutor told the jury that they could convict defendant of attempted second degree murder if they found intent to inflict great bodily harm. Finally and most damaging, counsel himself told the jury that they could convict if they found intent to inflict great bodily harm.
Given the seriousness of these errors, we hold that petitioner has carried his burden of establishing that counsel's performance was deficient, and that the errors made were so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment.
Next, our inquiry turns to prejudice whether the defendant was deprived of a fair trial, a trial whose result is reliable. It is important to note at this stage that it is not enough that petitioner show that the error had some conceivable effect upon the outcome of the proceeding. He must show that there is a reasonable probability that the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. Strickland, supra.
At this trial, the state's evidence showed that the defendant and victim had been friends. On the evening of the shooting, both the defendant and the victim had been drinking. The defendant and victim argued over a beer which resulted in a tussle in which the victim "got the better" of the defendant. The defendant left the scene of the fight for approximately 3 to 15 minutes, depending upon whose testimony is believed. At some point, defendant decided to return to the scene of the fight and confront the victim. Upon defendant's return to confront the victim, he drew a firearm which he had either obtained after the fight or had with him before the fight. It is not clear whether the defendant returned to his home and retrieved the gun or simply had the gun with him all along. In either event, it is clear that the defendant returned to the scene of the fight to confront the victim while armed with a firearm.
As the defendant approached the victim, he pointed the gun at the victim and without warning pulled the trigger. The firearm did not discharge. The defendant pulled the trigger again; this time the gun fired and the victim was struck in the hip. The victim turned to prevent the defendant from firing again, but the defendant fired at the victim from point blank range, striking the victim in the chest. The victim grabbed the defendant's hand and then others were able to wrestle the gun from the defendant. At this point, defendant yelled, "I'll kill him, I'll kill him."
At trial, defendant testified that he never intended to kill the victim. Further, he stated that when he returned to the scene of their fight he had no intention of harming the victim. He testified that he fired the weapon only after the victim charged him. He insisted that he first fired at the ground as a warning, but when the victim continued to charge him, he was forced to shoot him.
The state admits that the inclusion of the phrase "or to inflict great bodily harm" was error, but argues that the evidence of specific intent to kill is so overwhelming that the inclusion of the phrase in the instruction *117 to the jury was merely harmless error. Further, the state argues that the statements made by the prosecuting and defense attorneys to the jury regarding this charge were not prejudicial to the defendant. We cannot agree.
In State v. Guin, supra, the defendant raped his victim while armed with a dangerous weapon, strangled her until she was unconscious, and then cut her throat several times with a knife. He was convicted of aggravated rape and attempted second degree murder. The trial court instructed the jury with the inclusion of the phrase "or inflict great bodily harm" in the attempted second degree murder charge. The Third Circuit reluctantly reversed, stating that even though there was overwhelming evidence of an intent to kill, the law was clear that a conviction for attempted second degree murder based on an intent to inflict great bodily harm will not suffice.
In this case, the jury was instructed by the court and informed by the prosecutor and defendant's counsel that all they needed to find was a specific intent to "inflict great bodily harm" in order to convict the defendant for attempted second degree murder. Even though the evidence is substantial in regard to specific intent to kill, we find that defendant was prejudiced by the very serious errors of his counsel in failing to object to the erroneous instruction of the trial court and then in reinforcing the gravity of the instruction by himself repeating it to the jury. The jury may have convicted the defendant by finding only an intent to inflict great bodily harm rather than the required intent to kill. The error was repeated so often in this case that our confidence in the outcome of the trial is undermined. There is a reasonable probability that the result of the proceeding could have been different if the jury had not been incorrectly instructed and heard incorrect arguments as to the elements of the crime charged. Defendant has established ineffective assistance of counsel under the Strickland v. Washington standard.
The defendant's conviction for attempted second degree murder is reversed and the case remanded to the trial court for further proceedings which may include a new trial.
REVERSED AND REMANDED.