559 So.2d 550 (1990)
STATE of Louisiana, Appellee,
v.
Clyde RUBIN, Jr., Appellant.
No. 21289-KA.
Court of Appeal of Louisiana, Second Circuit.
April 4, 1990.
*551 James M. Stephens, Winnsboro, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, William R. Coenen, Jr., Dist. Atty., Rayville, E. Rudolph McIntyre, Jr., Asst. Dist. Atty., Winnsboro, for appellee.
Before HALL, MARVIN and SEXTON, JJ.
MARVIN, Judge.
Where defense counsel, in a criminal jury trial on the charge of attempted murder, fails to object to an erroneous instruction [and argument] which effectively tells the jury that the intent element of the crime (attempt to kill a human being) is when the offender
has the specific intent to kill or inflict great bodily harm,

the conviction may be reversed on appeal when the record demonstrates that defense counsel was not the "effective" counsel guaranteed by the constitution. State v. Carter, 559 So.2d 539 (La.App. 2d Cir. 1990), rendered this date by another panel of this court; State v. Ball, 554 So.2d 114 (La.App.2d Cir.1989); State v. Odom, 511 So.2d 1214 (La.App. 2d Cir.1987), writ denied.
The reversal of the conviction need not be deferred until post conviction relief is obtained on such a constitutional infirmity clearly demonstrated in the appellate record. State v. Carter, supra; State v. Seiss, 428 So.2d 444 (La.1983). Judicial economy is better served by the reversal on appeal unless the State shows that only the specific intent conclusion can be drawn from the circumstances of the crime, that is, that the attempt to kill occurred when the offender had the specific intent to kill. Compare the cited cases with State v. Belgard, 410 So.2d 720 (La.1982); and State v. Latiolais, 453 So.2d 1266 (La.App. 3d Cir. 1984), writ denied.
We do not consider defendant's other assignments. The conviction of attempted first degree murder is reversed and the case is remanded to allow defendant to be retried for attempted first degree murder.
REVERSED AND RENDERED.