559 So.2d 539 (1990)
STATE of Louisiana, Appellee,
v.
L.C. CARTER, Appellant.
No. 21388-KA.
Court of Appeal of Louisiana, Second Circuit.
April 4, 1990.
*540 Geary S. Aycock, West Monroe, for appellant.
William J. Guste, Jr., Atty. Gen., William R. Coenen, Jr., Dist. Atty., Penny S. Wise-Douciere, Asst. Dist. Atty., for appellee.
Before FRED W. JONES, Jr., NORRIS and LINDSAY, JJ.
FRED W. JONES, Jr., Judge.
Defendant Carter was convicted of attempted second degree murder and was sentenced to 21 years at hard labor. He appealed, assigning seven errors as well as noting that his trial counsel had waived a reversibly erroneous instruction by failing to object at trial. At oral argument we granted defendant the opportunity to assign as error and to brief the issue of ineffective assistance of counsel. The state was given an opportunity to file a reply brief. For the reasons explained, we reverse defendant's conviction and remand the case for a new trial.
This case arose from Carter's attempts to persuade Carroll White to stop dating Carter's former girlfriend. On July 3, 1986 the two men were involved in a confrontation at the girlfriend's house. White testified that Carter said "I ought to kill you sucker." Carter left the house after asking White to meet him at a nearby car wash. About 15 minutes later, near the car wash, Carter again confronted White. When White said he would not leave the girlfriend alone Carter shot White, wounding him in the abdomen and arm. In a subsequent statement, defendant denied having specific intent to kill.
The state on two occasions during its opening statement said that the intent to inflict great bodily harm was an element of attempted second degree murder. On five occasions during its closing statement the state said the offense charged was committed if defendant had the intent to kill or to inflict great bodily harm. The trial court, during its preliminary instructions and during its instructions after the close of the presentation of evidence, defined the offense charged as including the element of intent to commit great bodily harm. Trial defense counsel did not object to any of these statements or instructions.
Inclusion of the phrase "or to inflict great bodily harm" in an instruction for attempted second degree murder is reversible error. State v. Butler, 322 So.2d 189 (La.1975); State v. Ball, 554 So.2d 114 (La.App. 2d Cir.1989). While the specific intent to kill or to inflict great bodily harm will support a conviction for second degree murder, the intent to inflict great bodily harm will not support a conviction for attempted second degree murder. State v. Odom, 511 So.2d 1214 (La.App. 2d Cir. 1987), writ denied, 515 So.2d 446. Defendant argues that his trial counsel's failures to object to the erroneous statements and instructions on the elements of the charged offense are errors of such magnitude as to establish his claim of ineffective assistance of counsel.
*541 Ineffective assistance claims normally are raised in a petition for post-conviction relief. However, where the record contains evidence sufficient to resolve the issue and the alleged ineffectiveness is raised on appeal, the issue may be considered by an appellate court in the interest of judicial economy. State v. Seiss, 428 So.2d 444 (La.1983); State v. Melbert, 546 So.2d 948 (La.App. 3d Cir.1989).
The test for effectiveness of counsel is two-pronged. First, the defendant must show that counsel made errors so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment. Second, defendant must show the deficient performance prejudiced the defense by showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State ex rel. Busby v. Butler, 538 So.2d 164 (La.1988).
Knowledge of the elements of the crime for which counsel's client is charged is essential if counsel is to provide competent assistance to his client. Here, counsel allowed the trial court to charge the jury erroneously concerning the necessary elements of second degree murder without objection. He allowed the prosecutor to tell the jury they could convict defendant if they found the specific intent to inflict great bodily harm.
Defendant has established that counsel's performance was deficient, that the errors he made were so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment and that the errors, so often repeated, were so serious as to deprive defendant of a fair trial. Thus, defendant has shown ineffective assistance under the Strickland v. Washington standard. State v. Ball, supra.
Having found this reversible error, we pretermit discussion of the other assignments.
For these reasons, the defendant's conviction for attempted second degree murder is REVERSED and the case is REMANDED to the trial court for further proceedings.