LINDSAY, Judge.
The defendant, Donnie Fairley, appeals from his resentencing for two counts of distribution of marijuana, violations of LSA-R.S. 40:966(A)(1). Once again, we vacate the sentence and remand for resen-tencing.
FACTS
On October 10, 1988, the defendant telephoned an undercover narcotics officer with the Red River Parish Sheriffs Office and stated that he had marijuana for sale. They agreed to meet around 11:00 a.m. that morning. In accordance with their discussions, the defendant met with the officer on a secluded road and sold the officer a small quantity of marijuana. The defendant indicated that he had additional marijuana for sale and arranged to meet the officer one hour later, at noon. The defendant met the *1082 officer at the appointed time and location and sold the officer an additional quantity of marijuana.
On March 31, 1989, the defendant was charged by bill of information with two counts of distribution of marijuana. The defendant was tried by jury and on September 21, 1989 was found guilty as charged on both counts. On October 11, 1989, the defendant appeared before the court for sentencing and was ordered to serve 20 years at hard labor. However, the court did not impose separate sentences for each conviction. The record failed to show whether the court intended to impose 20 years for each count to be served concurrently or whether the court intended the defendant to serve 10 years on each count to be served consecutively. The defendant then appealed his convictions and sentence.
In an unpublished opinion, we affirmed the defendant’s convictions. However, we vacated the sentence due to the trial court’s error in failing to pronounce determinate sentences for each of the defendant’s convictions. See Docket No. 22,076-KA, January 23, 1991. 573 So.2d 266. We remanded the case to the trial court and instructed the court to resentence the defendant with a determinant sentence on each count of conviction and to specify whether the sentences were to be served concurrently or consecutively.
On February 27, 1991, the defendant appeared before the court for resentencing. The defendant was sentenced to serve 15 years at hard labor. The court also imposed a fine of $2,000 and a payment of $500 to the judicial expense fund, or in default of these payments, to serve an additional year in the parish jail.
Following imposition of sentence, the defendant retained new counsel. With newly retained counsel, the defendant appealed his resentencing, arguing that the trial court again failed to impose a determinant sentence for each count of conviction, that the court erred in imposing default time for nonpayment of the fine, that the sentence imposed was excessive and that his trial counsel provided ineffective assistance.
SENTENCING ERROR — EXCESSIVE SENTENCE
The defendant argues that the sentence imposed by the trial court was excessive. He also argues that on remand for resen-tencing, the trial court committed the same sentencing error in failing to impose a determinant sentence for each count for which the defendant was convicted. The state, in its brief, concedes that the trial court did commit such reversible error.
When the defendant appeared for resen-tencing, the court noted that the defendant had been convicted of two counts of distribution of marijuana. The court then recited the defendant’s extensive criminal history, found that there were no mitigating factors and noted that the defendant was unemployed and a fifth felony offender. The court stated, “I want my learned colleagues on the Court of Appeal to understand exactly why I am giving you this sentence.” The trial court then imposed one sentence, ordering the defendant to serve 15 years at hard labor, and to pay a fine.
Apparently, the trial court misunderstood our previous ruling. We have not ruled on the issue of excessiveness or the reasons given by the trial court in support of its sentencing decision. However, we do find that the trial court once again erred by imposing one sentence in this case. The trial court is required to pronounce a determinant sentence for each of the two counts for which the defendant was convicted and the court is to express its intent concerning concurrent or consecutive service of the sentences in accordance with LSA-C.Cr.P. Art. 883. State v. Volentine, 565 So.2d 511 (La.App.2d Cir.1990). Once again, the trial court’s error requires us to vacate the sentence imposed and remand the case to the trial court for resentencing in accordance with the instructions in this opinion and in State v. Volentine, supra.
Because we vacate the sentence and remand the case for resentencing, we do not reach the issue of the alleged excessiveness of the sentence.
*1083 DEFAULT TIME
As noted above, the court imposed a fine of $2,000 and ordered that the defendant pay $500 to the judicial expense fund. In default of payment of these amounts, the defendant was ordered to serve one additional year in the parish jail, consecutive to any other sentence previously imposed. The defendant contends that this action by the trial court was erroneous because the defendant is indigent and default time may not be imposed on an indigent for nonpayment of a fine.
Based upon the record before this court, we cannot properly assess this claim. It is true that an indigent person may not be incarcerated because he is unable to pay a fine which is part of his sentence. State v. Monson, 576 So.2d 517 (La.1991); State v. Hughes, 587 So.2d 31 (La.App. 2d Cir.1991). However, in this case, there is no showing in the record that the defendant is indigent. At trial and on both appeals, the defendant was represented by retained counsel. Therefore, in accordance with State v. Monson, supra, upon resentenc-ing, if the court wishes to impose a fine, the trial court is to make an inquiry as to whether the defendant is in fact indigent. If the defendant is indigent, then the trial court may not impose default time in lieu of a fine.
INEFFECTIVE ASSISTANCE OF COUNSEL
In the present appeal, in addition to the alleged resentencing error, the defendant alleges that due to several errors committed by trial counsel, he was denied his constitutional right to effective assistance of counsel.
Many of the arguments made by the defendant regarding ineffective assistance of counsel are in the nature of an attack upon the merits of the convictions. However, the defendant’s convictions on the merits have been affirmed by this court in the original appeal. The defendant’s present appeal of his resentencing does not permit him to appeal other issues that relate to the merits of his convictions. State v. Guzman, 520 So.2d 1099 (La.App. 3d Cir.1987), writ denied, 521 So.2d 1183 (La.1988). Ineffective assistance of counsel claims are more properly raised in an application for post-conviction relief. State v. Seay, 521 So.2d 1206 (La.App. 2d Cir.1988); State v. Carter, 559 So.2d 539 (La.App. 2d Cir.1990). We have frequently held that where the record contains sufficient evidence to resolve the issue and the alleged ineffectiveness is raised on appeal, the issue may be considered by an appellate court in the interest of judicial economy. See, for example, State v. Carter, 559 So.2d 539 (La.App. 2d Cir.1990). However, those cases presented the issue of ineffective assistance of counsel on direct appeal of the merits of the conviction. Here, the merits of the case have been previously considered and the. convictions affirmed. Further, because we must again remand this case for resentencing, and considering all the circumstances presented, we find that the defendant’s claims of ineffective assistance would be more properly presented for review by following the prescribed procedure for post conviction relief.
CONCLUSION
Because the trial court once again erred in failing to impose a determinant sentence for each of the two counts of distribution of marijuana for which the defendant was convicted, we vacate the sentence and remand this case to the trial court for resen-tencing in accordance with the instructions set forth herein.
In addition, for the reasons stated herein, we do not reach the other issues raised by the defendant.
CONVICTIONS AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.
HIGHTOWER, J., concurs with written reasons.
BROWN, J., concurs with reasons.