610 So.2d 857 (1992)
STATE of Louisiana
v.
Francis J. SERIGNY.
No. KW 91 1721.
Court of Appeal of Louisiana, First Circuit.
October 16, 1992.
Rehearing Denied January 11, 1993.
*858 Louis Thad Toups, Asst. Dist. Atty., Thibodaux, for plaintiff State of La.
John T. Bourgeois, Chief Indigent Defender, Thibodaux, for defendant Francis J. Serigny.
Before LOTTINGER, C.J., and FOIL, J., and COVINGTON[*], J. Pro Tem.
FOIL, Judge.
This appeal challenges the action of the trial court in granting defendant's application for post-conviction relief on the basis that he was denied effective assistance of counsel in violation of the Sixth Amendment. We reverse.
The defendant, Francis Serigny, was charged by bill of information with attempted second degree murder, a violation of LSA-R.S. 14:27 and 30.1. He pled not guilty and, after trial by jury, was convicted as charged. He was sentenced to fifty years at hard labor. The State later filed a multiple offender bill and a hearing was held, at which he was found to be a third felony habitual offender. The defendant was resentenced as a multiple offender to fifty years at hard labor, without benefit of parole or good time. See LSA-R.S. 15:571.3 and 15:574.4A(1). This Court affirmed his conviction and sentence in State v. Serigny, 481 So.2d 659 (La.App. 1st Cir. 1985), writ denied, 484 So.2d 667 (La.1986).
Defendant filed this application for post-conviction relief, alleging that he had received ineffective assistance of counsel because of various alleged errors committed by his attorney. The trial court granted the application, finding that defendant had been denied his Sixth Amendment right to counsel because his trial attorney did not object to the inclusion of the words "intent to inflict great bodily harm" by the trial court in instructing the jury as to the elements of attempted second degree murder. The court found that the trial court's instructions may have misled the jury into believing that the State did not need to prove that the defendant had the specific intent to kill in order to return the guilty verdict, and ordered that defendant be granted a new trial. Thereafter, the State filed a writ application seeking review of the ruling, which this court denied. State ex rel. Serigny v. State, KW 91 1721, January 17, 1992. The State then applied for supervisory writs to the Louisiana Supreme Court. On April 3, 1992, the Louisiana Supreme Court granted the State's writ application and remanded the case to this Court for briefing, argument and an opinion. State ex rel. Serigny v. State, 595 So.2d 645 (La.1992).
The record reveals the following: At approximately 12:15 a.m. on January 12, 1983, Jack Jambon was shot as he was leaving his business establishment. The victim testified that as he opened the door to his vehicle, he was shot in the neck and fell. The gunman fired eight more shots with his .22 rifle; five shots hit the victim in his arm, shoulder and underneath his arm, while three bullets missed him. The victim did not see who shot him, and later passed out.
Following leads received during the investigation, Ted Weatherall was arrested by the Lafourche Parish Sheriff's Office and charged with attempting to kill Mr. Jambon. Weatherall implicated defendant in the shooting, and agreed to cooperate with the authorities. Wearing a concealed electronic device, Weatherall approached defendant on November 30, 1983, and engaged in a conversation with him regarding the shooting of Jack Jambon. The exchange was taped by the authorities and played to the jury at defendant's trial. During the conversation, defendant told *859 Weatherall several times that he wanted to kill Mr. Jambon for money, and indicated that he had been offered money to shoot him. He also expressed his surprise over the victim's survival, suggesting that had he used a larger weapon, or had he been closer when he fired the first shot, he would have "taken him."
At trial, Weatherall testified that on the evening of the shooting, he and defendant, along with their girlfriends, had been playing cards at Weatherall's home. He and defendant left the game, drove to Mr. Jambon's restaurant, and parked across the street. Weatherall stated that defendant took a .22 rifle out of the car, walked over to the restaurant and hid in the bushes. After defendant fired the second shot, Weatherall ran from the scene to his home. Donna Weatherall testified that prior to the shooting, she overheard defendant ask Ted Weatherall if he wanted to help him "get rid of Jack."
Defendant's application for post-conviction relief asserts that his trial counsel was ineffective because he failed to object to the inclusion of the phrase "inflict great bodily harm" by the prosecutor and the trial court in setting forth the crime of attempted second degree murder. The record shows that during voir dire, the prosecutor defined the crimes of second degree murder and attempt independently; he told the prospective jurors that second degree murder is the killing of a human being, when the offender has a specific intent to kill or to inflict great bodily harm. Also, in charging the jury, after the presentation of the evidence, the trial court stated:
The crime with which the accused is charged requires first, that the State prove by the evidence that the accused had a specific intent to kill or inflict great bodily harm on Jack Jambon, and second, that having this specific intent, he did an act for the purpose of and tending directly toward accomplishing, the accomplishing of his object. If you believe that the State proved these elements beyond a reasonable doubt, you must find the defendant guilty of the crime of attempted second degree murder.
A conviction of attempted second degree murder requires a finding that the defendant had the specific intent to kill. State v. Butler, 322 So.2d 189 (La.1975). A finding that the defendant had only the intent to inflict great bodily harm will not support a conviction of attempted second degree murder. State in the Interest of Hickerson, 411 So.2d 585 (La.App. 1st Cir.), writ denied, 413 So.2d 508 (La.1982). The inclusion of the phrase "or inflict great bodily harm" by a trial court in instructing the jury on the elements has been held to constitute reversible error. State v. Butler, 322 So.2d at 192; State v. Guin, 444 So.2d 625 (La.App. 3d Cir.1983).[1]
Both the trial court's and the prosecutor's definition of the crime of attempted second degree murder included the term "or inflict great bodily injury." They were both erroneous. We must decide whether the failure of defendant's attorney to object thereto constitutes ineffective assistance of counsel.
A claim of ineffectiveness of counsel is analyzed under the two pronged test developed by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to establish that his trial attorney was ineffective, the defendant must first show that the attorney's performance was deficient, which requires a showing that counsel made errors so serious that he was not functioning as counsel guaranteed by the Sixth Amendment. Secondly, the defendant must prove that the deficient performance prejudiced the defense. This element requires a showing that the errors were so serious that defendant *860 was deprived of a fair trial; the defendant must prove actual prejudice before relief will be granted. State ex rel. Busby v. Butler, 538 So.2d 164 (La.1988). It is not sufficient for defendant to show that the error had some conceivable effect on the outcome of the proceeding. Rather, he must show that but for the counsel's unprofessional errors, there is a reasonable probability the outcome of the trial would have been different. State v. Sullivan, 596 So.2d 177 (La.1992). Further, it is unnecessary to address the issues of both counsel's performance and prejudice to the defendant if the defendant makes an inadequate showing on one of the components. State ex rel. Busby v. Butler, 538 So.2d at 168.
We conclude that the defendant failed to establish the second Strickland requirement.[2] After reviewing the entire record, we find that the evidence overwhelmingly established that defendant had the requisite specific intent to kill the victim. The defendant fired nine shots at the victim; eight were fired after the victim fell and six hit him in the upper body. Defendant admitted numerous times that he wanted to kill the victim for money. Further, he expressed his surprise over the victim's survival, suggesting that had he used a larger weapon or fired the first shot at a closer range, he would have indeed accomplished his ultimate goal of killing Mr. Jambon. Based on this evidence, no jury could have reasonably concluded that defendant merely intended to inflict great bodily harm on the defendant. Accordingly, we find that the erroneous reference to the infliction of great bodily harm had no effect whatsoever on the attempted second degree murder verdict rendered by the jury.
Based on the foregoing, we hold that defendant failed to establish that his trial attorney was ineffective. Accordingly, we reverse the action of the trial court in granting defendant's application for post-conviction relief.
REVERSED
NOTES
[*] Judge Grover L. Covington, retired, is serving as judge pro tem by special appointment of the Louisiana Supreme Court.
[1] Since these cases have been decided, the Supreme Court held in State v. Cage, 583 So.2d 1125 (La.1991), cert. denied, ___ U.S. ___, 112 S.Ct. 211, 116 L.Ed.2d 170 (1991), that an erroneous instruction to the jury as to the requisites necessary to render a guilty verdict does not necessarily prejudice the defendant so as to warrant automatic reversal. In Cage, the Court held that the trial court's erroneous instruction on the reasonable doubt standard was subject to a harmless error analysis.
[2] But see State v. Carter, 559 So.2d 539 (La. App.2d Cir.1990), which held that the failure of a trial attorney to object to numerous references by the prosecutor and the trial court to intent to inflict great bodily harm as an element of attempted second degree murder constituted ineffective assistance of counsel, without an analysis of the evidence and State v. Ball, 554 So.2d 114 (La.App. 2d Cir.1989), which held that the failure of a defendant's trial attorney to object to the inclusion of the term "or inflict great bodily harm" by the trial court and the prosecutor in defining attempted second degree murder constituted ineffective assistance of counsel, despite "substantial" evidence of specific intent to kill. Cf. State v. Rubin, 559 So.2d 550 (La.App. 2d Cir.1990), in which the court suggested that where defense counsel failed to object to an erroneous inclusion of the term "inflict great bodily harm" in defining attempted second degree murder, the error constitutes ineffective assistance of counsel unless the State can show that the only conclusion that can be drawn is that the attempt to kill occurred when the offender had the specific intent to kill.