STATE OF LOUISIANA
v.
JAMES HARRIS WHARTON
No. 2008 KA 0881
Court of Appeal of Louisiana, First Circuit.
Judgment Rendered November 14, 2008.
NOT DESIGNATED FOR PUBLICATION
Doug Moreau, District Attorney, Baton Rouge, LA, Dana Cummings Allison Miller Rutzen, Assistant District Attorneys, Baton Rouge, LA, Counsel for Plaintiff/Appellee State of Louisiana.
Frederic Kroenke, Louisiana Appellate Project, Baton Rouge, LA, Counsel for Defendant/Appellant James Harris Wharton.
Before: PETTIGREW, McDONALD, and HUGHES, JJ.
HUGHES, J.
The defendant, James Harris Wharton, was charged by bill of information with one count of purse snatching, a violation of LSA-R.S. 14:65.1, and pled not guilty. Following a jury trial, he was found guilty as charged. Thereafter, the State filed a habitual offender bill of information against the defendant, alleging that he was a third-felony habitual offender.[1] Following a hearing, he was adjudged a thirdfelony habitual offender, under LSA-R.S. 15:529.l(A)(l)(b)(ii), and was sentenced to imprisonment for the remainder of his natural life without benefit of parole, probation, or suspension of sentence. He now appeals, claiming that the trial court imposed an unconstitutionally excessive sentence and that defense counsel was ineffective for failing to file a motion to reconsider sentence. We affirm the conviction, the habitual offender adjudication, and the sentence.

FACTS
The victim, Joseph John Bruder, was sixty-three years old at the time he testified.[2] On June 27, 2005, he was in Baton Rouge in connection with his job with American Bowling Congress. At approximately 5:30 p.m., while Mr. Bruder was carrying some groceries to his apartment in Spanish Town, the defendant took Mr. Bruder's wallet from his back pocket. Mr. Bruder told the defendant to drop the wallet because there was no money in it and the defendant laughed at Mr. Bruder and ran away. Mr. Bruder and a motorist chased the defendant, but were unable to recover the wallet. The motorist used his cellular telephone to direct the police to the defendant's location. The wallet had contained a religious card that Mr. Bruder had carried with him since the seventh grade and which he believed saved his life when he served in the First Infantry in Vietnam. In addition to losing his wallet and religious card, he ripped his pants, lost a shoe, and felt as though he would have a heart attack as a result of the incident.

EXCESSIVE SENTENCE AND INEFFECTIVE ASSISTANCE OF COUNSEL
In assignment of error number 1, the defendant argues that the sentence imposed upon him was unconstitutionally excessive because, before trial, the court and the State indicated that they believed that a ten-year sentence was appropriate for him. In assignment of error number 2, he argues that the failure of trial counsel to file a motion to reconsider sentence should not preclude this court from considering the constitutionality of the sentence; and, in the event that it does, the failure of trial counsel constitutes ineffective assistance of counsel.
We will address assignment of error number 1, even in the absence of a timely motion to reconsider sentence or a contemporaneous objection, because it would be necessary to do so as part of the analysis of the ineffective assistance of counsel claim. See State v. Bickham, 98-1839, pp. 7-8 (La. App. 1 Cir. 6/25/99), 739 So.2d 887, 891-92.
Article I, Section 20, of the Louisiana Constitution prohibits the imposition of excessive punishment. Although a sentence may be within statutory limits, it may violate a defendant's constitutional right against excessive punishment and is subject to appellate review. Generally, a sentence is considered excessive if it is grossly disproportionate to the severity of the crime or is nothing more than the needless imposition of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm to society, it is so disproportionate as to shock one's sense of justice. A trial judge is given wide discretion in the imposition of sentences within statutory limits, and the sentence imposed should not be set aside as excessive in the absence of manifest abuse of discretion. State v. Hurst, 99-2868, pp. 10-11 (La. App. 1 Cir. 10/3/00), 797 So.2d 75, 83, writ denied. XXXX-XXXX (La. 10/5/01), 798 So.2d 962.
A claim of ineffectiveness of counsel is analyzed under the two-pronged test developed by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to establish that his trial attorney was ineffective, the defendant must first show that the attorney's performance was deficient, which requires a showing that counsel made errors so serious that he was not functioning as counsel guaranteed by the Sixth Amendment. Secondly, the defendant must prove that the deficient performance prejudiced the defense. This element requires a showing that the errors were so serious that defendant was deprived of a fair trial; the defendant must prove actual prejudice before relief will be granted. It is not sufficient for defendant to show that the error had some conceivable effect on the outcome of the proceeding. Rather, he must show that but for his counsel's unprofessional errors, there is a reasonable probability that the outcome of the trial would have been different. Further, it is unnecessary to address the issues of both counsel's performance and prejudice to the defendant if the defendant makes an inadequate showing on one of the components. State v. Serigny, 610 So.2d 857, 859-60 (La. App. 1 Cir. 1992), writ denied, 614 So.2d 1263 (La. 1993).
Whoever commits the crime of purse snatching shall be imprisoned, with or without hard labor, for not less than two years and for not more than twenty years. LSA-R.S. 14:65.1(B).
Prior to revision in 2006 by the Louisiana State Law Institute, LSA-R.S. 15:529.1, in pertinent part, provided:
A. (1) Any person who, after having been convicted within this state of a felony ... thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:
. . .
(b) If the third felony is such that upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life then:
. . .
(ii) If the third felony and the two prior felonies are felonies defined as a crime of violence under R.S. 14:2(13), ... or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for ten years or more, ... or any combination of such crimes, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.
The instant offense and predicate #2 are felonies defined as crimes of violence under LSA-R.S. 14:2(13). LSA-R.S. 14:2(13)(z), LSA-R.S. 14:2(13)(y) (prior to renumbering in connection with 2006 La. Acts No. 72, § 1). Predicate #1 is a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for ten years or more. LSA-R.S. 40:967(B)(4)(b).
In order for a trial court to depart from a mandatory minimum sentence, the defendant must clearly and convincingly show that, "[he] is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case." State v. Johnson, 97-1906, p. 8 (La. 3/4/98), 709 So.2d 672, 676.
The defendant was adjudged a third-felony habitual offender, under LSR.S. 15:529.1(A)(l)(b)(ii), and was sentenced to imprisonment for the remainder of his natural life without benefit of parole, probation, or suspension of sentence. Defense counsel objected to the sentence as being constitutionally excessive under the circumstances involved in this particular case. No motion to reconsider sentence was filed.
In imposing sentence, the court noted the following:
a. it had ordered and considered a pre-sentence investigation (PSI);
b. the defendant was thirty-eight years old at the time of the PSI;
c. he had not cooperated in the preparation of the PSI;
d. he had not provided any information regarding his family and employment history;
e. he had been uncooperative in regard to sentencing on his two prior felonies;
f. he had continuously provided false information to the PSI interviewers; he had claimed that he began using alcohol, marijuana, and cocaine at the age of nineteen and continued to use them on a daily basis until a year prior to the preparation of the PSI;
g. he claimed he had completed the Blue Waters Substance Abuse Program in 2003;
h. the victim stated that he suffered no injuries from the offense, but indicated that he thought that he was going to have a heart attack after chasing the defendant;
i. the victim indicated that the wallet taken by the defendant did not contain any money, but did contain a driver's license, a medical card, and a St. Elizabeth's card;
j. the victim had carried the religious card with him ever since it had been given to him in elementary school and had carried the card while serving in Vietnam;
k. when the defendant took the victim's wallet from him, the victim told the defendant that the wallet did not contain any money, but the defendant laughed and ran away with the wallet anyway; and
l. the victim had not recommended a particular sentence for the defendant.
The court found that the defendant had shown that he could not be a lawabiding citizen, that he had an extensive criminal history, that he had pled guilty to possession with intent to distribute cocaine, that he had been convicted of simple robbery, that he had numerous other arrests and convictions, and that he was a danger to society.
The PSI recommended that the defendant be sentenced to the maximum term of imprisonment as provided by law. The report noted that the defendant's criminal history dated back to when he was sixteen years old, that he committed a new felony when under parole supervision for the first time, and that while he had completed a thirteen-month period of supervision, he was arrested for the instant offense twenty days after that period of parole expired.
It is permissible for the State to encourage guilty pleas by offering substantial benefits to a defendant for a guilty plea and by threatening more severe punishment should a negotiated plea be refused. A defendant who refuses a plea bargain cannot expect to receive the benefits of that abandoned agreement after conviction. See Cousin v. Blackburn, 597 F.2d 511, 512 (5th Cir. 1979) (per curiam), cert, denied, 445 U.S. 945,100 S.Ct. 1343,63 L.Ed.2d 779 (1980).
In the instant case, at preliminary examination, defense counsel indicated that he had spoken to the defendant and explained the plea bargain available, i.e., the court had indicated that it would sentence him to ten years at hard labor for purse snatching and the State had offered not to file a habitual offender proceeding against him. Further, if the defendant would cooperate and help officials search for the wallet and its contents, the court would sentence him to eight years at hard labor and the State would not file a habitual offender proceeding against him. Defense counsel also indicated that the assistant district attorney had notified him that if the defendant was convicted on the instant offense, he would face habitual offender proceedings that would put him in prison for life. The defendant refused the plea bargain.
The defendant failed to clearly and convincingly show that because of unusual circumstances he was a victim of the legislature's failure to assign sentences that were meaningfully tailored to his culpability, the gravity of the offense, and the circumstances of the case. Accordingly, there was no reason for the trial court to deviate from the provisions of LSA-R.S. 15:529.1(A)(1)(b)(ii) in sentencing the defendant. Further, the sentence imposed was not grossly disproportionate to the severity of the offense, and thus, was not unconstitutionally excessive.
In regard to the defendant's ineffective assistance of counsel claim, we note, even assuming arguendo that defense counsel performed deficiently in failing to timely move for reconsideration of the sentence, the defendant suffered no prejudice from the deficient performance because this court considered the defendant's excessive sentence argument in connection with the ineffective assistance of counsel claim. These assignments of error are without merit.
CONVICTION, HABITUAL OFFENDER ADJUDICATION, AND SENTENCE AFFIRMED.
NOTES
[1] Predicate #1 was set forth as the defendant's February 13,1999 guilty plea, under Orleans Parish Docket #331-415, to possession with intent to distribute cocaine on September 19, 1998. Predicate #2 was set forth as the defendant's October 20, 1993 conviction, under Orleans Parish Docket #363-568(B), for simple robbery on May 11, 1993.
[2] June 13, 2007.