PER CURIAM.
| Writ granted. The sentence imposed is vacated and this case is remanded for resentencing. We agree with Judge Tobi-as that “the trial court failed to follow the procedures required by law and jurisprudence to deviate from imposing the statutory minimum sentence under the Habitual Offender Law.” State v. Lawrence, 13-1245 (La.App. 4 Cir. 12/11/13) (Tobias, J., dissenting). To overcome the presumption that a mandatory penalty prescribed by the legislature is constitutional as applied to a particular offender, a trial court must make two findings on the record. First, the judge must find clear and convincing *796 evidence that the offender is exceptional, “which in this context means that because of unusual circumstances, this defendant is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.” State v. Johnson, 97-1906, p. 8 (La.3/4/98), 709 So.2d 672, 676 (internal quotation marks and citation omitted). Second, because a trial judge “is not free to sentence a defendant to whatever sentence he feels is appropriate under the circumstances,” but “must sentence the defendant to the longest sentence which is not constitutionally excessive,” the judge must “articulate specific reasons why the sentence he imposes instead of the statutory mandatory minimum is the longest sentence which is not excessive under the Louisiana Constitution.” Id. at 8-9, 709 So.2d at 677. The court must in any event impose sentence on both counts and indicate whether one of both counts has been enhanced under the provisions of La.R.S. 15:529.1. La.C.Cr.P. art. 879; State v. Fairley, 597 So.2d 1081, 1082 (La. App. 2d Cir.1992) (“The trial court is required to pronounce a determinant sentence for each of the two' counts for which the defendant was convicted.... ”).
SENTENCE VACATED; REMANDED FOR RESENTENCING.
JOHNSON, C.J., dissents.
KNOLL, J., dissents.