HOLDRIDGE, J.,
dpissenting.
|, While I agree with the majority opinion insofar as it determined that the jury instruction was erroneous, Í disagree with the majority’s conclusion that the error was prejudicial in this case.’ I do not subscribe to the opinion’s implication that the merits' of the defendant’s self-defense claim necessarily turn upon a credibility determination. The following uncontra-dicted facts were established at trial: (1) the' defendant shot Davis twice in the back of the head; (2) when the police discovered Davis, his gun was tucked into his pants and was covered by his shirt; and (3) after shooting Davis, the defendant then repeatedly shot Rougeau, who was unarmed.[1] These facts belie the defendant’s assertion that he reasonably believed he *16 was in imminent danger of losing his life and that the killing was necessary to save himself. See La. R.S. 14:20(A)(1).
As pointed out by the majority; in order to prevail, the defendant must prove actual prejudice. It is not sufficient for the defendant to show that the error had 12some conceivable effect on "the outcoriie of the proceeding. Rather, he must show that but for his counsel’s unprofessional errors, there is a reasonable probability the outcome of the trial would have been different. State v. Serigny, 610 So.2d 857, 859-60 (La.App. 1 Cir.1992), writ denied, 614 So.2d 1263 (La.1993).
A conviction will .not be overturned on the grounds of an erroneous jury charge unless the disputed portion, when considered in connection with the remainder of the charge, is erroneous and prejudicial. An erroneous instruction is subject to harmless error review as is an ineffective assistance of counsel claim; both are subjected to an analysis of whether the defendant was prejudiced by the error. See State v. Morris, 09-0422 (La.App. 1 Cir. 9/11/09), 22 So.3d 1002, 1014. It must be determined whether it appears beyond a reasonable doubt that the erroneous instruction did not contribute to the jury’s finding of guilt or.whether the error is unimportant in relation to everything else the jury considered, as revealed, in the record. Stated another way, the appropriate standard for determining harmless , error is whether the guilty verdict was surely unattributable to the jury charge error. Id.
In' light of the uncontradicted facts pointed out above, I do not think the defendant has proven that his attorney’s error in'-failing to object to the erroneous instruction regarding the availability of a self-defense claim was actually prejudicial in this case. The erroneous instruction was simply unimportant in relation to everything else considered by the jury. Therefore, I respectfully dissent.

. According to the defendant’s own testimony, he disarmed Rougeau by wresting the gun from him, shot Davis, and then shot Rougeau.