ON SUPERVISORY WRITS TO THE CRIMINAL DISTRICT COURT, PARISH OF ORLEANS
PER CURIAM:
| denied. Relator fails to show she received ineffective assistance of counsel under the standard of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In addition, relator’s claim of insufficient evidence is repetitive. La.C.Cr.P. art. 930.4. As to the remaining claims, relator fails to satisfy her post-conviction burden of proof. La.C.Cr.P. art. 930.2. We attach hereto and make a part hereof the district court’s written reasons denying relief.
Relator has now fully litigated her application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in accord with La. C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless she can show that one of the narrow exceptions authorizing the filing of a successive | ^application applies, relator has exhausted her right to state collateral review. The district court is ordered to record a minute entry consistent with this per curiam.
Attachment
JETATE OF LOUISIANA VERSUS TIFFANY BYRD
CRIMINAL DISTRICT COURT PARISH OF ORLEANS
CASE NO. 502-406
SECTION ‘E’
JUDGMENT
The defendant, Tiffany Byrd, hereinafter referred to as Petitioner, has filed with this Court an Application for Post-Conviction Relief.
In 2010, Petitioner was charged with Attempted Second Degree Murder in violation of L.a.R.S. 14: (27)30.1. On April 12, *1151 2011, Petitioner was found guilty as charged by jury. On November 18, 2011, Petitioner was sentenced to seventeen (17) years at hard labor in the custody of the Department of Corrections, concurrent with any other sentence now serving and with credit for time served.
In Petitioner’s application, she contends that she was denied effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution. Specifically, Petitioner contends her counsel was ineffective because he (1) failed to change Petitioner’s plea from not guilty to not guilty, not guilty by reason of insanity; (2) failed to have Petitioner’s charge amended to a lesser charge; (3) failed to obtain expert testimony regarding intimate partner abuse; (4) failed to offer particular pieces of evidence in the petitioner’s defense and object to prosecution comments; (5) failed to meet with the petitioner to develop a trial strategy; and (6) failed to request a Daubert Hearing. In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court held that the “benchmark for judging any claim of ineffectiveness must be whether counsel’s conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result”. Id at 699. In particular, the defendant must show that his representation fell below an objective standard of reasonableness that but for counsel’s errors, the result(s) of the trial would have been different. Id. Further, it is unnecessary to address the issues of both counsel’s performance and prejudice to the defendant if the defendant makes an inadequate showing on one of the components. State v. Serigny, 610 So.2d 857, 859-60 (La.App. 1st Cir.1992), writ denied, 614 So.2d 1263 (La.1993).
Here, Petitioner has no, pointed to anything in the record which shows her inability to tell right from wrong a, the time of the offense and has failed to show good cause required for changing a not guilty plea to a plea of no, guilty and no, guilty by reason of insanity. Additionally, Petitioner |4fails to identify any discrepancies or errors in the methodology used by Dr. Peter Meade. General statements and con-clusory allegations will not suffice to prove a claim of ineffective assistance of counsel. State v. Celestine, 11-1403, p. 5 (La.App. 3 Cir. 5/30/12), 91 So.3d 573, 577. Thus, Petitioner’s first and sixth claims of ineffective assistance of counsel is without merit. Likewise, Petitioner’s second, third, fourth and fifth claims are general and conclusory in nature and are insufficient to support a claim .that she was prejudiced by trial counsel’s conduct. Petitioner fails to show that counsel’s representation fell below an objective standard of reasonableness and but for counsel’s errors, the end result would have been different. Accordingly, Petitioner’s ineffective assistance of counsel claims are without merit.
Secondly, Petitioner contends that this Court erred in denying her motion to suppress. Specifically, Petitioner asserts that the search of her residence should have been declared invalid. The Court has considered and reviewed the petitioner’s claim and finds no error in its previous pre-trial ruling. Accordingly, Petitioner’s claim is without merit.
Thirdly, Petitioner contends that the evidence at trial was insufficient to support a conviction of attempted second-degree murder. A review of the record shows that this claim had been previously addressed and denied by the Fourth Circuit Court of Appeals and the Louisiana Supreme Court. State v. Byrd, 2012-0556 (La.App. 4 Cir. 6/5/13), 119 So.3d 801, writ denied 2013- *1152 1589 (La. 1/27/14), 130 So.3d 957. Accordingly, Petitioner’s claim is without merit.
Lastly, Petitioner contends that the State caused the petitioner prejudice by making prejudicial statements during trial. Here, many of the statements that Petitioner alleged to have prejudiced her were statements that were impliedly based on the evidence and supported the prosecution’s theory of the case. State v. Bretz, 394 So.2d 245 (La. 1981). Further, even if the state’s comments appeared improper, this Court does not believe they clearly influenced the jury to the defendant’s prejudice. Accordingly, Petitioner’s claim is without merit.
For the forgoing reasons, the Petitioner’s Application for Post-Conviction Relief is hereby DENIED.
New Orleans, Louisiana, this 12th day of August, 2015. ■
IsL Keva M. Landrum-Johnson District Court Judge Section E