**STATE OF LOUISIANA**                 \*         **NO. 2022-K-0187**

**VERSUS**                         \*

                                 **COURT OF APPEAL**

**SHERMAN HAMPTON**         \*

                                 **FOURTH CIRCUIT**

                         \*

                                 **STATE OF LOUISIANA**

**\* \* \* \* \* \* \***

APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 519-042, SECTION "F"
Honorable Robin D. Pittman, Judge
**\* \* \* \* \* \***
**Judge Paula A. Brown**
**\* \* \* \* \* \***
(Court composed of Chief Judge Terri F. Love, Judge Sandra Cabrina Jenkins,
Judge Paula A. Brown)

Sherman Hampton #90147
Louisiana State Penitentiary
Main Prison/Pine-2
Angola, LA 70712

      PRO-SE/RELATOR

Jason Rogers Williams
District Attorney
G. Benjamin Cohen
Chief of Appeals
Orleans Parish District Attorney's Office
619 S. White St.
New Orleans, LA 70119

      COUNSEL FOR STATE OF LOUISIANA/RESPONDENT

**WRIT GRANTED; RELIEF DENIED**
**APRIL 6, 2022**

Relator, Sherman Hampton, seeks supervisory review of the district court's February 1, 2022 judgment, which denied his application for post-conviction relief. For the reasons that follow, we grant relator's writ application, but deny relief.

## FACTS AND PROCEDURAL HISTORY

On February 14, 2019, a jury unanimously found Relator guilty on two counts of first-degree rape. A non-unanimous jury convicted Relator of one count of first-degree rape and one count of simple rape. On July 1, 2020, this Court affirmed the unanimous jury convictions and vacated the convictions rendered by a non-unanimous jury in accord with *Ramos v. Louisiana*, 590 U.S. ___, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020). *State v. Hampton*, 19-0682 (La. App. 4 Cir. 7/1/20), 302 So.3d 544. The Supreme Court denied writs on December 22, 2020. *State v. Hampton*, 20-01210 (La. 12/22/20), 307 So.3d 1045. On January 4, 2022, Relator filed an application for post-conviction relief. The district court rendered judgment, with accompanying reasons for judgment, on Relator's application for post-conviction relief on February 1, 2022. The district court first noted that

1

Relator's application appeared untimely. However, out of an abundance of caution, the district court considered Relator's motion on the merits and found his allegations to be meritless.

This writ application followed.

## DISCUSSION

Relator argues that the district court erred on two grounds: (1) in finding that Relator's application for post-conviction relief was time barred pursuant to La. C.Cr.P art. 930.8 and (2) in not finding that trial counsel was ineffective for his failure to hire an expert to test the DNA results.

*Timeliness*

Relator argues that his application for post-conviction relief was timely filed on December 22, 2021. In support of his claim, Relator attaches a copy of his "Offender's Request for Legal/Indigent Mail" dated December 22, 2021, which indicated that his application for post-conviction relief and memorandum brief were attached and mailed to the Clerk of Criminal District Court and the District Attorney's Office.

Louisiana Code of Criminal Procedure Article 930.8 provides, in pertinent part, that "[n]o application for post[-]conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922 . . . ." Pursuant to La. C.Cr.P. art. 922, "[i]f an application for a writ of review is timely filed with the [S]upreme [C]ourt, the

2

judgment of the appellate court from which the writ of review is sought becomes final when the [S]upreme [C]ourt denies the writ."

In the case *sub judice*, Relator's conviction became final when the Supreme Court denied his writ application on December 20, 2020. On January 4, 2022, less than two years after his conviction became final, Relator's application for post-conviction relief was filed in the district court. Accordingly, we find Relator's application for post-conviction relief was timely filed.

*Ineffective Assistance of Counsel*

Relator argues that the DNA evidence admitted during his trial was contaminated by the floodwaters from Hurricane Katrina, and his counsel's failure to hire an expert to test the DNA was tantamount to ineffective assistance of counsel. We disagree.

As set forth by the U.S. Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), in order to grant post-conviction relief on the basis of ineffective assistance of counsel, Relator must satisfy a two-pronged test: (1) that counsel's performance was deficient and (2) Relator was prejudiced by the deficiency. It is well settled that general and conclusory allegations are insufficient to support a claim of ineffective assistance of counsel. *State ex rel. Byrd v. State*, 16-0574, p. 4 (La. 8/4/17), 223 So.3d 1150, 1151 (where the Supreme Court, adopting the district court's written reasons for denying relief, found that "[g]eneral statements and conclusory allegations will not suffice to prove a claim of ineffective assistance of counsel."); *see also State v. Stallworth*, 08-1389, p. 8 (La. App. 4 Cir. 4/29/09), 11

3

So. 3d 541, 546, *writ denied*, 09-1186 (La. 1/29/10), 25 So. 3d 829 (where this Court found that the defendant's "general assertion that his trial counsel was unprepared is insufficient to satisfy the two-pronged *Strickland* test for establishing ineffective assistance of counsel.").

After review of the record, we agree with the district court that there is no factual support for Relator's claims that the DNA evidence was compromised by the improper storage of evidence nor that his counsel was ineffective for failing to challenge the evidence on that basis. Relator did not provide any specific facts or evidence to prove that his counsel's failure to hire an expert to test the DNA evidence was deficient nor did he provide any evidence that he was prejudiced by this omission.

## CONCLUSION

Based on the foregoing, we grant Relator's writ application and deny the requested relief.

**WRIT GRANTED; RELIEF DENIED**

4