616 So.2d 290 (1993)
STATE of Louisiana, Appellee,
v.
John Henderson HALL, Appellant.
No. 24600-KA.
Court of Appeal of Louisiana, Second Circuit.
March 31, 1993.
*291 Peter E. Edwards, Monroe, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, Jerry L. Jones, Dist. Atty., Monroe, Charles Brumfield, Douglas Lawrence, Asst. Dist. Attys., Bastrop, for appellee.
Before MARVIN, NORRIS and WILLIAMS, JJ.
WILLIAMS, Judge.
The defendant, John Henderson Hall, originally charged with First Degree Murder (LSA-R.S. 14:30), pled guilty to Manslaughter (LSA-R.S. 14:31) and Second Degree Kidnapping (LSA-R.S. 14:44.1) pursuant to a plea bargain. He appeals his sentences of 21 and 20 years at hard labor, the latter sentence imposed without benefit of parole, probation or suspension of sentence. Although the defendant seeks review of the imposition of consecutive sentences, we note an error patent which requires that this case be remanded to the district court with instructions.

ERROR PATENT
Under LSA-R.S. 14:44.1 C, the penalty provision for Second Degree Kidnapping is as follows:
"§ 44.1 Second Degree Kidnapping
. . . .
C. Whoever commits the crime of second degree kidnapping shall be imprisoned at hard labor for not less than five nor more than forty years. At least two years of the sentence imposed shall be without benefit of parole, probation or suspension of sentence." (emphasis added)
In the guilty plea colloquy, the trial court recited the range of sentences imposable for these two offenses, as follows:
THE COURT: And you understand that manslaughter carries a maximum of twenty one years hard labor and second degree kidnapping carries a minimum of five, not to exceed forty years at hard labor, two of which must be served without benefit of probation, parole or suspension of sentence? (emphasis added)
In so advising the defendant, the trial court erred. The penalty provision of Second Degree Kidnapping carries the possibility of a maximum sentence of 40 years, all of which may be imposed without benefit of parole.
The defendant was adjudged guilty by plea. Deficiencies in the guilty plea colloquy are errors patent and the reviewing court is bound to recognize them. State v. Godejohn, 425 So.2d 750 (La.1983); LSA-C.Cr.P. Art. 920(2). Although this defendant was adequately advised of his rights under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), this defendant was not adequately apprised of the maximum penalty exposure in order to enter a knowing and intelligent plea of guilty. Failure to advise the defendant of the maximum sentence of the crime to which he pleads is error patent. State v. Young, 535 So.2d 1150 (La.App. 2d Cir.1988). Failure to advise a defendant that the sentence is imposable without benefit of parole is also error patent. State v. Smith, 513 So.2d 544 (La.App. 2d Cir.1987); State v. Williams, 554 So.2d 141 (La.App. 2d Cir.1989).
For the foregoing reasons, we conditionally vacate the conviction and sentence of the defendant, John Henderson Hall, and remand this case to the trial court for a hearing, within a reasonable time, regarding the voluntariness of defendant's plea. If it is determined that the plea was knowingly and intelligently entered after defendant was counseled about his sentencing exposure and his ineligibility for parole, the record shall be supplemented accordingly and defendant may then be granted an appeal of that determination and the sentence which he here complains is excessive. If it is determined that the plea was not *292 knowingly and intelligently entered, the plea shall be set aside and further prosecution of the defendant may be undertaken. See State v. Combs, 567 So.2d 733 (La.App. 2d Cir.1990).
CONDITIONALLY VACATED AND REMANDED.