714 So.2d 814 (1998)
STATE of Louisiana, Appellee,
v.
Tracy HILL, Appellant.
No. 30552-KA.
Court of Appeal of Louisiana, Second Circuit.
May 13, 1998.
Opinion Clarifying Decision on Rehearing June 26, 1998.
John Michael Lawrence, Assistant Indigent Defender, Shreveport, for Appellant.
Richard Ieyoub, Attorney General, James M. Bullers, District Attorney, Whitley Graves, Assistant District Attorney, for Appellee.
Before NORRIS, BROWN and PEATROSS, JJ.
NORRIS, Judge.
Originally indicted for aggravated rape, La. R.S. 14:42, Tracy Hill pled guilty to the reduced charge of sexual battery, R.S. 14:43.1. The District Court imposed the maximum sentence of 10 years at hard labor without benefit of parole, probation, suspension of sentence, or eligibility for good time, and denied a motion to reconsider. Hill now appeals his sentence as excessive. We note error patent in the Boykin proceedings. State v. Godejohn, 425 So.2d 750 (La.1983); State v. Watts, 550 So.2d 711 (La.App. 2 Cir.1989). Accordingly, we vacate the guilty plea, set aside the conviction and sentence, and remand the case for further proceedings.
At the Boykin hearing, the court advised Hill that his guilty plea to sexual battery carried a maximum sentence of 10 years at hard labor. The court did not advise him that any sentence imposed would be without benefit of parole, probation or suspension of sentence, and without eligibility for good time. The record does not show that anyone else advised him of this mandatory aspect of the sentence. R.S. 14:43.1 C.
Before entering a guilty plea, the defendant must be advised of, and must waive, his constitutionally guaranteed right to a jury trial, right of confrontation, and right against compulsory self-incrimination. *815 Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971). Moreover, the entry of a guilty plea must be knowing and voluntary on the defendant's part. State v. Nuccio, 454 So.2d 93 (La.1984); Kennedy v. Maggio, 725 F.2d 269 (5 Cir.1984). Advising the defendant of certain facts beyond the Boykin "triad of rights" bears on the knowing and voluntary nature of the plea. State ex rel. LaFleur v. Donnelly, 416 So.2d 82 (La.1982).
In LaFleur, the Supreme Court discussed the effect of a district court's failure to inform the defendant that a firearms sentence, R.S. 14:95.1, necessarily excluded probation, parole or suspension of sentence. The Court stated:
It is important to explain to the accused the elements of the offenses with which he is charged and the rights he is waiving by pleading guilty thereto. * * * However, it is probably much more important to the defendant's decision (about whether to plead guilty) that he understand the maximum penalty exposure.
In this case a detailed account of the possible sentences by the trial court could have prevented any misunderstanding with regard to parole eligibility on the firearms charge. A full explanation of the sentence provided for an offense by the legislature seems particularly important when, as part of the penalty of the offense, parole eligibility is denied, because the accused may be far more concerned about the possibilities for early release than any abstract right to confront his accusers at trial.
(Citations omitted.)
The Supreme Court has never reversed LaFleur or retracted its rationale; however, it has on occasion stated that the Boykin "triad of rights" has not been expanded. See, e.g., State v. Nuccio, supra. Notably, the issue in Nuccio was not failure to advise the defendant that he could not get parole; rather, it was failure to advise that his guilty plea could be used as a basis for the filing of future multiple offender bills under R.S. 15:529.1. The court held that this failure did not vitiate the knowing and voluntary nature of the plea. The court did not disturb the principles of LaFleur.
This court has consistently followed LaFleur and vacated the plea when the record shows that the defendant was not informed of the sentencing range and of the "without benefit" provision. See, e.g., State v. Smith, 513 So.2d 544 (La.App. 2 Cir.1987).[1] Even when the District Court has properly explained the sentencing range and the "without benefit" provision, we have reiterated that this is required for a knowing, voluntary plea.[2]
On certain occasions we have quoted the passage from State v. Nuccio, supra, to state that Boykin "triad of rights" has never been expanded.[3] Notably, however, in all of these cases the "without benefit" provision was clearly set forth in the Boykin colloquy, either by the prosecutor or defense counsel. None of them involve what occurred in the instant case, viz., a total failure to advise the defendant that his sentence for sexual battery would be without benefit.
The legislature has recently acted to clarify the jurisprudence concerning the knowing and voluntary nature of guilty pleas by enacting La.C.Cr.P. art. 556.1. La. Acts.1997, No. 1061. This article provides, in pertinent part:
A. In any criminal case, the court shall not accept a plea of guilty or nolo contendere, without first addressing the defendant personally in open court and informing *816 him of, and determining that he understands, all of the following:
(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.
According to the comments, art. 556.1 is intended to clarify the law by incorporating the essence of F.R.Cr.P. art. 11, which requires the court to advise the defendant of any mandatory minimum penalty, the maximum possible penalty, and "the effect of any special parole term." Article 556.1 became effective on August 15, 1997, so obviously the District Court did not utilize it at the instant guilty plea, which occurred on March 11, 1997. See State v. Newman, 97-797 (La.App. 3 Cir. 1/28/98), 707 So.2d 122. However, the article is interpretive, embracing LaFleur, supra, and validating this court's analysis in State v. Smith, supra, and its progeny. Thus the article informs and guides our consideration of the instant case.
In light of these considerations we conclude that the District Court's failure to advise Hill that his maximum 10-year sentence must be "without benefit" is reversible error. State ex rel. LaFleur v. Donnelly, supra, State v. Smith, supra, and La.C.Cr.P. art. 556.1. The guilty plea is therefore vacated, the conviction and sentence set aside, and the case remanded for further proceedings.
GUILTY PLEA VACATED; CONVICTION AND SENTENCE SET ASIDE; CASE REMANDED.
BROWN, J., dissents with reasons.
BROWN, Judge, dissenting.
Defendant, Tracy Hill, does not seek to have his guilty plea set aside. He questions only the excessiveness of his sentence. In fact, when sentenced, defendant rejected the idea that his plea should be withdrawn:
THE COURT:
The record will speak for itself. You know, I really think, Mr. Hill, that if I was the district attorney and you wanted to back out of this deal, I'd let you. And I'd try you and I'd put you in the penitentiary for the rest of your life because that's where you need to be....
MR. HILL:

Well, sir, I'm not backing out. I'm just basically saying that this wasn't what happened (that he actually had sexual intercourse with the victim as opposed to sexual battery) ... (Emphasis added).
What defendant actually knew about the possible penalties and how that affected the character of his plea is disregarded by the majority as inconsequential in favor of a rule that certain words are indispensable. Due process dictates that a guilty plea be the voluntary choice of an informed accused. To find error patent, the majority only considered the trial judge's recitation of rights rather than voluntariness. This view is premised solely on LaFleur v. Donnelly, above. LaFleur, however, did not involve an error patent review of the guilty plea transcript; rather, in LaFleur, the defendant raised the issue of voluntariness of his plea in a post-conviction relief application and presented evidence that bore out his claim that when he pled guilty he believed that he would be eligible for parole.
Nothing in Boykin, Jackson or LaFleur has been overruled or expanded. They stand today for precisely the thing they stood for when decided, neither more nor less. A guilty plea must be voluntary, that is informed and uncoerced, to meet due process standards. Boykin, above. Towards this purpose, our supreme court, in State ex rel Jackson v. Henderson, above, imposed a per se or prophylactic rule that the trial court must "at least" inform an accused of his right against self-incrimination, to a trial by jury and confrontation of his accusers (Boykin's triad of rights). Without this dialogue, voluntariness is not probed and the guilty plea is vacated. Jackson, above. In State v. Nuccio, above, the supreme court refused to expand Jackson "to include advising a defendant of any other rights which he may have nor the possible consequences of his actions." In all other cases, voluntariness must be raised by the accused and judged on the evidence. LaFleur, above. State v. Griffin, 633 So.2d 358 (La.App. 1st Cir.1993), writ denied, 94-0240 (La.10/14/94), 643 So.2d 157; *817 State v. Baum, 95-384 (La.App. 3d Cir. 10/04/95), 663 So.2d 285, writ denied, 95-2685 (La.02/09/96), 667 So.2d 528.
The record in the present case shows that defendant entered a plea of guilty to the lesser responsive charge of sexual battery. The trial court determined that defendant was 30 years old and had a twelfth grade education. Defendant acknowledged that he understood the nature of the charge of sexual battery and had discussed the matter with his attorney. Defendant affirmatively stated that the plea was his free and voluntary choice. The court advised defendant that he "could be subjecting (himself) up to a 10-year hard labor sentence." At this point defendant's attorney interrupted and stated from "zero to 10." Defendant stated that he understood that the maximum penalty was 10 years at hard labor. The court also informed defendant of the three federal constitutional rights set forth in Boykin and Jackson. The court further required the prosecutor to state the facts surrounding the charge. Defendant agreed that these facts were substantially correct.
In the instant case, however, defendant was not apprised during the guilty plea colloquy that the sentence for sexual battery was statutorily required to be served without benefit of parole, probation or suspension, nor was he informed that the court possessed the discretion to deny eligibility for good time.
The guilty plea colloquy in this case shows that defendant was informed and waived his three Boykin rights which satisfies the per se rule of Jackson and withstands an error patent review. Defendant has not complained on appeal that his plea was involuntary nor has any evidence of such been presented. Without a hearing, this court would have to speculate on what defendant knew and how it affected the character of the plea. Obviously, a guilty plea which complies with Jackson's rule requiring the recitation of the three basic rights but not with Boykin's mandate that the plea be voluntary must be set aside, but only after an appropriate hearing, as in LaFleur. By finding error patent, the majority has supplied, without input from the defendant or state, the missing element of involuntariness.
In addition, the majority decision is contrary to recent cases decided by this court. In State v. Jones, 28,929 (La.App.2d Cir. 04/02/97), 691 So.2d 858, after extensively reviewing the inconsistent case law from this circuit, we concluded:
[T]his circuit has not expressly required that the trial court explicitly enumerate the possible sentences for the offense with which defendant is charged and the eligibility of defendant for parole, probation or suspension of sentence. We have held that a record affirmatively showing that defendant understood the charge against him and was aware of the permissible penalty range for that offense is sufficient and will not render a guilty plea invalid. (Emphasis added).
In State v. Frith, 30,555 (La.App.2d Cir. 04/08/98), 711 So.2d 388, defendant claimed for the first time on appeal "that the trial court was required to notify him of its discretion to deny him good time before accepting his guilty plea." We concluded that this was "similar to the argument made and answered in State v. Jones." The court further stated:
The record does not allow us to determine exactly what Frith was told by whom (by his attorney, by the prosecutor or by the trial court) about the possible penalties for the offense before Frith pleaded guilty. On this record, any further discussion of Frith's due process claim (voluntariness) would be speculative.
I respectfully dissent from use of an error patent review to vacate this plea. At this point a discussion concerning voluntariness would be speculative.
Before MARVIN, C.J., and NORRIS, HIGHTOWER, BROWN, WILLIAMS, STEWART, GASKINS, CARAWAY and PEATROSS, JJ.

En Banc Opinion on Rehearing
EN BANC.
In our original opinion we stated that the District Court failed to advise Hill that any sentence imposed would be, in addition to without benefit of parole, probation or suspension *818 of sentence, also without eligibility for good time. The denial of good time is not mandated by R.S. 14:43.1; we did not intend to engraft it onto the statute and did not utilize it to reach the decision herein. In all other respects we affirm our original opinion.
BROWN, J., would grant rehearing on all issues in accordance with my original dissent.
GASKINS, J., would grant rehearing for reasons assigned in J. Brown's original dissent.
CARAWAY, J., would grant rehearing and assigns reasons.
CARAWAY, Judge, dissenting from denial of rehearing.
The circumstances of this plea bargain situation demonstrate significant problems in this court's expansion of the ruling of State ex rel LaFleur v. Donnelly, 416 So.2d 82 (La.1982). Without hearing from either the defendant or the state, upon notice of perceived error patent by the court, this ruling and many of our prior rulings unilaterally presume that the defendant was unadvised regarding the consequences of his plea, thus rendering the plea involuntary. As Judge Brown has persistently noted, LaFleur made no such presumption since its ruling was based upon a post-conviction relief hearing on the issue of the voluntariness of the defendant's plea. Additionally, the silence in the record does not involve one of the constitutionally protected Boykin rights.
The judicial presumption in this line of cases regarding the involuntariness of the defendant's plea has been created in part out of concern that the defendant may later raise the issue and easily attack the conviction at a time when evidence in the case has grown stale. See State v. Williams, 554 So.2d 139 (La.App. 2d Cir.1989). Noticing the flaw in the plea proceeding as error patent in the initial appeal alerts all parties to the problem at the earliest possible time. While this is an appropriate concern, it is still a speculative concern based upon a record in a guilty plea proceeding where the strength or weakness of the evidence on either side may be unreflected. Thus, the presumed involuntary plea is vacated for assumed future circumstances that may never arise.
This case and its plea bargain highlight a different assumption which can be made. In this instance, the defendant pled guilty to the lesser crime of sexual battery, punishable by a maximum of ten years, thus eliminating his exposure to the possibility of a life sentence for aggravated rape. It can readily be assumed that the defendant, who was identified by both the victim and a witness to the rape and arrested at the scene, does not contest the voluntariness of his plea. Although the defendant has not requested this rehearing, the state ironically now argues in its request for rehearing that the defendant should first be heard prior to vacating the conviction and re-exposing him to the possibility of a conviction for aggravated rape.
A better procedure to accommodate all concerns in these settings is found in a separate line of cases of this court which does not follow the result now reached by the majority in this case. These cases only conditionally vacate the conviction and remand to the trial court for a hearing on whether the defendant was properly advised of the possible penalties prior to the plea. State v. Mitchell, 561 So.2d 819 (La.App. 2d Cir.1990); State v. Combs, 567 So.2d 733, (La.App. 2d Cir.1990); State v. Hall, 616 So.2d 290 (La.App. 2d Cir.1993); State v. Carter, 619 So.2d 82 (La. App. 2d Cir.1993); State v. Garth, 622 So.2d 1189 (La.App. 2d Cir.1993); State v. Cassels, 27,227 (La.App.2d Cir. 11/1/95), 662 So.2d 861; State v. Cassels, 27,227 (La.App.2d Cir. 2/28/96), 669 So.2d 715 (appeal after remand); State v. Powell, 28,173 (La.App.2d Cir. 5/8/96), 674 So.2d 1057. In view of these rulings of this court and because of the above concerns, I would grant the request for rehearing and conditionally vacate and remand this case to the trial court.
NOTES
[1] See also State v. Williams, 554 So.2d 139 (La. App. 2 Cir.1989); State v. Carter, 619 So.2d 82 (La.App. 2 Cir.1993); State v. Hall, 616 So.2d 290 (La.App. 2 Cir.1993); State v. Garth, 622 So.2d 1189 (La.App. 2 Cir.1993); State v. Monroe, 25,825 (La.App. 2 Cir. 3/30/94), 635 So.2d 481; State v. Hodges, 26,171 (La.App. 2 Cir. 8/17/94), 641 So.2d 728; State v. Powell, 28,173 (La.App. 2 Cir. 5/8/96), 674 So.2d 1057.
[2] See, e.g., State v. Anderson, 27,356 (La.App. 2 Cir. 9/27/95), 661 So.2d 542; State v. Jones, 28,929 (La.App. 2 Cir. 4/2/97), 691 So.2d 858.
[3] See, e.g., State v. Bradford, 627 So.2d 781 (La. App. 2 Cir.1993), writ denied 94-0006 (La.4/22/94), 637 So.2d 154; State v. McGee, 30,329 (La.App. 2 Cir. 7/30/97), 698 So.2d 69; State v. Nicholas, 30,104 (La.App. 2 Cir. 12/10/97), 704 So.2d 930.