730 So.2d 1040 (1999)
STATE of Louisiana, Appellee,
v.
Joseph Stacy SEBASTIEN, Appellant.
Nos. 31,750-KA, 31,751-KA, 31,752-KA.
Court of Appeal of Louisiana, Second Circuit.
March 31, 1999.
Rehearing Denied April 27, 1999.
*1042 Kidd & Culpepper By Paul Henry Kidd, Monore, Counsel for Appellant.
Richard Ieyoub, Attorney General, James M. Bullers, District Attorney, Whitley R. Graves, Robert Randall Smith, Assistant District Attorneys, Counsel for Appellee.
Before WILLIAMS, STEWART and GASKINS, JJ.
STEWART, J.
The defendant, Joseph Stacy Sebastien, pled guilty to three counts of DWI-4th offense, violations of La. R.S. 14:98. The defendant was sentenced on two counts to concurrent ten year sentences, with all but two years suspended and five years active supervised probation. After the third DWI-4th offense, the district court revoked the defendant's probation and imposed an additional ten year sentence at hard labor, and without benefit of probation, parole, or suspension, to run consecutive to the sentence on the first two counts. In this out-of-time appeal, the defendant argues that his guilty pleas were not knowingly and voluntarily made. We amend the defendant's sentence in accordance with the sentencing transcript and affirm.

FACTS
On September 22, 1995, Officer Bonnie Rhodes observed the defendant operating a motor vehicle while under suspension. Upon noticing the officer, the defendant pulled into a trailer park and threw an open can of beer out of the vehicle's window. Two other officers joined Officer Rhodes in stopping the defendant. The officers noticed a strong smell of alcohol on the defendant. The defendant denied having had anything to drink and stated that he had taken cough medicine. The defendant refused to submit to field sobriety tests. The defendant was arrested and charged with DWI-4th offense, docket number 80,335, hereinafter referred to as "No. 80,335."
On October 8, 1996, the day before the defendant was to appear in court for proceedings on No. 80,335, the defendant was observed traveling eastbound on Interstate 20 at ninety miles per hour in a fifty-five miles per hour zone. When officers stopped him, the defendant appeared unsteady and smelled of alcohol. The defendant failed field sobriety tests and refused the intoxilizer test. Rock-like substances, suspected to be "crack" cocaine, were found in the defendant's possession, and the defendant admitted to having ingested one of the rocks prior to being stopped. The defendant was again arrested and charged with a DWI-4th offense, *1043 docket number 83,268, hereinafter referred to as "No. 83,268."
At his court appearance the next day, October 9, 1996, the defendant pled guilty to the charge of DWI-4th offense in No. 80,335 and the charge of DWI-4th offense from the day before in No. 83,268. On December 20, 1996, the district court sentenced the defendant on each DWI-4th offense charge to concurrent sentences of ten years at hard labor with all but two years suspended and five years of active probation. One of the conditions of probation was that the defendant refrain from alcohol and drug use. The defendant was allowed to serve the two years in an in-house treatment program.
In February 1997, the assistant district attorney filed a "Motion For Arrest Warrant" alleging that the defendant had been seen at a bar in Bossier City in violation of the conditions of his probation. Shortly thereafter, on April 20, 1997, the defendant crashed his vehicle into a barrier at Barksdale Air Force Base in Bossier City, Louisiana, and was determined to be under the influence of alcohol and cocaine, a Schedule II controlled dangerous substance. The defendant was again charged with a DWI-4th offense in docket number 84,911, hereinafter referred to as "No. 84,911."
The defendant pled guilty to this last charge on May 19, 1997. At this proceeding, John S. Odom, Jr., Special Assistant, United States Attorney for the Western District of Louisiana, agreed to forego federal prosecution of the defendant in exchange for his guilty plea and imposition of a ten year sentence to run consecutive to the prior sentences, the revocation of his probation in No. 80,335 and No. 83,268, and restitution for damages at Barksdale. The defendant was sentenced that same day in No. 84,911 to ten years at hard labor without benefit of probation, parole, or suspension. His probation was revoked and the sentences imposed in No. 80,335 and No. 83,268 were reinstated. The district court ordered the defendant to serve the ten year sentence on No. 84,911 consecutive to the prior concurrent sentences in No. 80,335 and No. 83,268.
The defendant now appeals and asserts several assignments of error pertaining to the validity of his guilty pleas and the revocation of probation.

DISCUSSION

Plea Colloquies and Sentencing
The defendant asserts that the district court erred in taking consolidated guilty pleas for the 1995 charge in No. 80,335 and the 1996 charge in No. 83,268. The defendant complains that confusion resulted because only one plea colloquy was held and only one sentencing hearing was held. According to the defendant, the plea colloquy violated La.C.Cr.P. art. 556.1 as he was not informed of the possible sentences or of the nature of the charges against him. The defendant also asserts that he was not informed of the sentencing range or the nature of the charges against him in regards to his guilty plea in No. 84,911. The defendant further complains that the district court did not pronounce determinate sentences.
During the plea colloquy on October 9, 1996, the defendant was informed of his Boykin rights and waived those rights. The defendant was informed of the sentencing range through the district court's recitation of the penalty provision for DWI-4th offense, La. R.S. 14:98(E). The district court also informed the defendant that he faced a maximum exposure of sixty (60) years for the two charges. The facts behind both the 1995 charge, No. 80,335, and the 1996 charge, No.83,268, were recited by the district attorney on the record and in the presence of the defendant prior to the entry of his guilty pleas.
Our review of the record reveals no factual basis for the defendant's claims that he was not informed of the nature of the charges in No. 80,335 and No. 83,268 or of the possible sentences and that the plea colloquy and sentencing proceeding resulted in confusion. We find that the defendant's claims are factually without merit and that his guilty pleas in No. 80,335 and No. 83,268 were knowingly and voluntarily entered.
Similarly, during the plea colloquy on May19, 1997, for the charge in No.84,911, the defendant was informed of his Boykin rights *1044 and waived them. The defendant was also informed of the facts behind the charge prior to pleading guilty. Although the defendant was not informed of the sentencing range, he was informed that he would receive a sentence of ten years at hard labor and without benefit. The record indicates that this sentence was part of an agreement between the prosecutor and defense counsel. The agreement enabled the defendant to avoid federal prosecution which would have exposed him to the possibility of life imprisonment.
The entry of a guilty plea must be a free and voluntary choice by the defendant. State v. Hill, 30,552 (La.App. 2nd Cir. 5/13/98), 714 So.2d 814; State v. Clay, 30,770 (La.App. 2nd Cir. 5/13/98), 714 So.2d 123. In addition to advising the defendant of his Boykin rights, courts have been required to advise the defendant of other facts which bear on the knowing and voluntary nature of the plea.[1]State ex rel. LaFleur v. Donnelly, 416 So.2d 82 (La.1982); State v. Hill, supra. One such requirement is that the district court inform the defendant of the possible sentence ranges for the offense to which he pled guilty. State v. Hill, supra; State v. Clay, supra; State v. Cassels, 27,227 (La. App. 2nd Cir. 11/1/95), 662 So.2d 861. This requirement includes the defendant's understanding of the maximum and minimum sentence he faces by pleading guilty and any other direct sentencing consequences from his plea. State ex rel. LaFleur v. Donnelly, supra; State v. Clay, supra.
In State v. Jones, 28,929 (La.App. 2nd Cir. 4/2/97), 691 So.2d 858, we reviewed the extensive line of jurisprudence from this circuit addressing additional elements which must be considered in determining whether a defendant has knowingly and voluntarily entered a guilty plea. From our review, we found that while this circuit never expressly required the trial court to explicitly enumerate the possible sentences, this circuit did hold that a guilty plea will not be rendered invalid where there is an affirmative showing on the record that the defendant understood the charge against him and was aware of the permissible penalty range.
In the present case, the defendant was aware of the sentence that he would receive prior to entry of his guilty plea. Defense counsel stated that the terms of the plea agreement had been explained to the defendant. The United States Attorney recited the terms of the plea agreement on the record and stated that, in exchange for the plea agreement, no steps would be taken to subject the defendant to federal prosecution for the April 20, 1997 incident. The district court also questioned the defendant regarding his understanding of the sentence and reviewed the terms of the sentence. This exchange revealed that the defendant had already satisfied the portion of the plea agreement requiring restitution to the federal government for damages to the gate at Barksdale. The defendant also answered affirmatively when asked whether he understood what his sentence would be.
Under these specific circumstances, we find no error in the district court's failure to inform the defendant of the sentence range for the charge of DWI-4th offense in No. 84,911. The defendant entered his guilty plea pursuant to a plea agreement and with full knowledge of the sentence to be imposed. In addition, the defendant had previously pled guilty to two counts of the same offense in No. 80,335 and No. 83,268. We find that the record affirmatively shows the defendant understood the charge against him and was aware not only of the penalty range, but also of the specific penalty to be imposed. We find that the defendant's guilty plea in No. 84,911 was knowingly and voluntarily entered.
The defendant also claims that the district court erred in not pronouncing determinate sentences on the separate charges in *1045 No. 80,335 and No. 83,268. The district court is required to pronounce a determinant sentence for each count for which the defendant is convicted and is required to express its intent concerning concurrent or consecutive service of the sentences in accordance with La.C.Cr.P. art. 883. State v. Fairley, 597 So.2d 1081 (La.App. 2nd Cir.1992); State v. Volentine, 565 So.2d 511 (La.App. 2nd Cir. 1990). The district court complied with this requirement. When pronouncing sentences on the charges in No. 80,335 and No. 83,268 on December 20, 1996, the district court stated, "On each count of the DWI Four convictions the court sentences you to ten years at hard labor. They are to run concurrently." This statement by the district court clearly indicates that the defendant was sentenced to ten years on each count and that the sentences were to run concurrently. The district court further suspended all but two years of each sentence and permitted the defendant to spend the two years in an in-house correctional drug abuse facility. We find that the district court entered determinate sentences for each conviction.
These assignments of error lack merit.

Assignment of Cases
The defendant contends that the district court erred in accepting his guilty pleas in No. 80,268 and No. 84,911 because these two cases were improperly assigned to the district judge to whom No. 80,335 was properly assigned. The defendant alleges that the assignment of cases amounts to "judge shopping" by the prosecution.
To meet due process requirements, capital and other felony cases must be allotted for trial to the various divisions of the court, or to judges assigned criminal court duty, on a random or rotating basis, or under some other procedure adopted by the court which does not vest the district attorney with power to choose the judge to whom a particular case is assigned. State v. Simpson, 551 So.2d 1303 (La.1989). Even if the allotment system is found to violate due process, the violation is subject to harmless error analysis. State v. Jones, 600 So.2d 875 (La.App. 1st Cir.1992), writ denied, 92-2351 (La.5/12/95), 654 So.2d 346.
Rule 34 of the Twenty-Sixth Judicial District Court provides for the random allotment of criminal cases. Rule 34 further provides that if multiple charges are filed against an individual, and if the charges arise out of the same criminal investigation, series of investigations, or if they occur within a 180-day period, then the cases are to be handled by the same division, the division having the bill of information with the lowest number. The assignments of No. 83,268 and No. 84,911 to the same district court judge assigned No. 80,335 do not fall within any of the exceptions to random allotment set forth in Rule 34.
The basic purpose served by the random allotment system is to assure that the accused is tried before an impartial judge. State v. Jones, supra. Although the defendant asserts that the cases were improperly assigned, the defendant does not argue that any prejudice occurred as a result of the allotment. The defendant does not allege any bias on the part of the district judge to whom the cases were assigned, and the record does not indicate any bias against the defendant. The assignment of No. 83,268 to the same judge assigned No. 80,335 appears to have helped, rather than harmed, the defendant. When the defendant pled guilty to the DWI-4th offense charges in No. 80,335 and No. 83,268, he received the minimum sentence allowed for each offense and was permitted to serve the sentences concurrently. When the defendant pled guilty to the third charge of DWI-4th offense in No. 84,911, he again received the minimum sentence of ten years at hard labor. We find that the defendant was not prejudiced by the assignment of cases. Accordingly, any error in the assignment of cases was harmless error. This assignment of error lacks merit.

Plea and Sentencing Delays
The defendant asserts that the district court erred in accepting his guilty plea in No. 83,268 which was entered less than twenty-four hours after the offense occurred. As provided in La.C.Cr.P. art.559(B), the court shall not accept a guilty plea to a felony within forty-eight hours of the defendant's arrest. When such a plea is accepted within *1046 the forty-eight hour period, the court, upon motion filed by the defendant within thirty days after entry of the plea, shall set aside the plea and any sentence imposed thereon. La.C.Cr.P. art. 559(B). Although the district court erred in accepting the defendant's guilty plea in No. 83,268 within forty-eight hours after the defendant's arrest, the defendant waived his remedy by failing to file a motion to set aside the plea within thirty days of the entry of the plea. In fact, the defendant did not question the plea until after his conviction and sentence in No. 84,911. We find that the defendant knowingly and voluntarily entered his guilty plea and waived his remedy.
The defendant also asserts that the district court erred in sentencing him on the same day as entry of the guilty plea in No. 84,911. If a defendant is convicted of a felony, at least three days shall elapse between conviction and sentence. La.C.Cr.P. art. 873. However, if the defendant waives the delay or pleads guilty, sentence may be imposed immediately. Id. Since the defendant entered a guilty plea in No. 84,911, no delay was necessary between the plea and sentencing. Therefore, we find no error in the sentencing of the defendant on the same day as entry of his guilty plea in No. 84,911.
These assignments of error lack merit.

Presence of United States Attorney
The defendant asserts that his guilty plea in No. 84,911 was not knowingly and voluntarily entered due to the pressure exerted by the presence of John S. Odum, Jr., a United States Attorney. The defendant describes his plea as a "best interest" guilty plea not voluntarily made.
The "best interest" or Alford plea, derived from North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), is one in which the defendant pleads guilty while maintaining his innocence. State v. Calhoun, 96-0786 (La.5/20/97), 694 So.2d 909. Despite the defendant's description of his guilty plea as a "best interest" plea, nothing in the record indicates that the defendant entered the guilty plea in No. 84,911 while maintaining his innocence. Rather, the defendant indicated that the facts underlying the charge were correct when recited by the prosecutor. The defendant's plea cannot be considered a "best interest" guilty plea, notwithstanding the presence of the United States Attorney.
Mr. Odum's presence actually served as a benefit to the defendant. The defendant received assurance, on the record, that he would not be subject to federal prosecution after pleading to the charge in No. 84,911, after revocation of probation, and after restitution for damages at Barksdale Air Force Base. Also, the plea agreement was arranged prior to the date of the guilty plea, so the defendant had time to weigh his options before his court appearance. The record indicates that the defendant actually made restitution to Barksdale prior to the entry of his guilty plea, thus satisfying one component of the plea agreement prior to entry of the plea.. We find that the defendant's guilty plea in No. 84,911 was knowingly and voluntarily made and was not influenced by the presence of the United States Attorney. This assignment of error lacks merit.

Revocation of Probation
The defendant asserts that the trial court erred in revoking probation in No. 80,335 and No. 83,268 because revocation proceedings were not initiated with either an arrest warrant or issuance of summons supported by an affidavit. Our review of the record reveals that the defendant's assignment of error is unfounded.
When the defendant was sentenced on December 20, 1996, in the above two cases, the district court suspended all but two years of the sentences and allowed those two years to be spent in an in-house drug abuse treatment facility. If released earlier from the facility, the defendant would be required to spend the remainder of the two years in jail. The district court stated that after spending two years in treatment or in jail, the defendant would be on supervised probation for five years. As a condition of probation, the defendant was required to refrain from alcohol and drug use.
On February 18, 1997, pursuant to a motion filed by the assistant district attorney, the district court granted an order for the defendant's arrest. The motion alleged that *1047 the defendant had been seen at a bar in Bossier City in violation of the terms of his sentence and sought the defendant's arrest and execution of the sentence imposed in December 1996. Thereafter, the defendant was involved in the incident at Barksdale Air Force Base and charged with a subsequent DWI-4th offense, No. 84,911, to which he pled guilty on May 19, 1997. The defendant's probation was revoked and the defendant was ordered to serve the concurrent ten year sentences imposed December 20, 1996 in No.80,335 and No. 83,268.
Although a defendant has no right to appeal from a revocation of his probation, the court can treat the appeal as an application for a supervisory writ. State v. Manuel, 349 So.2d 882 (La.1977); State v. McDonald, 471 So.2d 834 (La.App. 2nd Cir.1985). Probation revocation proceedings may be initiated by either the issuance of a warrant for the defendant's arrest for violation of any of the conditions of probation or by the issuance of a summons to appear and answer a charge of violation or attempted violation. La. C.Cr.P. art. 899(A); State v. Duhon, 95-2724 (La.5/21/96), 674 So.2d 944. At the revocation hearing, if the court determines that the defendant violated a condition of his probation, the district court may revoke the defendant's probation. La.C.Cr.P. art. 900. When a defendant who is on probation for a felony commits or is convicted of another felony under the laws of this state, the court may revoke the defendant's probation. La. C.Cr.P. art. 901.
In this instance, two grounds exist for the district court's revocation of probation and ordered execution of the sentences in No. 80,335 and No. 83,268. First, the district court issued a warrant for the defendant's arrest as required by La.C.Cr.P. art. 899. While the record does not contain an affidavit in support of the motion for the arrest warrant, we find no requirement that an affidavit must accompany the motion. In State v. Black, 97-0774 (La.12/12/97), 706 So.2d 423, the Louisiana Supreme Court addressed the split in the circuits as to whether an affidavit must accompany a rule to revoke probation and concluded that an affidavit is not required. The court found no statutory or constitutional basis for the affidavit requirement and concluded that there is no apparent reason requiring the state to adhere rigidly to statutes relating to arrests or summons of the general public when the arrests or summons are for revocation proceedings involving parties who do not enjoy the same level of protection as the general public. The court explained that courts applying the affidavit requirement have assumed that the probationer occupies a similar position to that of a person who has not been convicted of a crime. However, a person on probation has been convicted of a crime and sentenced. The probationer remains free only at the discretion of the court. The rationale of State v. Black applies to this situation as well. We find that the arrest warrant satisfies the requirements of La.C.Cr.P. art. 899 and provides a valid basis for the revocation of the defendant's probation and ordered execution of sentence.
Second, the defendant violated his sentencing agreement and committed a felony. When arrested in April 1997, after crashing into a barrier at Barksdale Air Force Base, the defendant was determined to have alcohol and cocaine in his system, thus violating the terms of his December 1996 sentencing agreement which required him to refrain from drug and alcohol use. The defendant stipulated to the violation of his probation and sentencing agreement. The defendant further agreed to revocation of probation and execution of the sentences in No. 80,335 and No. 83,268 as part of an agreement to avoid federal prosecution. The defendant was charged with DWI-4th offense in No. 84,911 and pled guilty on May 19, 1997. Under these circumstances, we find the revocation of probation and execution of sentences imposed December 20, 1996 valid and proper.
This assignment of error lacks merit.

Ineffective Assistance of Counsel
The defendant asserts that the assistance of defense counsel was such as to render his guilty pleas invalid. Through his various complaints, the defendant alleges that defense counsel's only strategy was to avoid trial.
*1048 As a general rule, a claim of ineffective assistance of counsel is more properly raised in an application for post-conviction relief ("PCR") in the trial court. State v. Green, 27,652 (La.App. 2nd Cir. 1/24/96), 666 So.2d 1302, writ denied, 97-0504 (La.10/31/97), 703 So.2d 14. The PCR process affords an applicant the opportunity for a full evidentiary hearing under La.C.Cr.P. art. 930. Id. However, when the record is sufficient, the court may resolve the issue on direct appeal in the interest of judicial economy. State v. Ratcliff, 416 So.2d 528 (La. 1982).
In this instance, we find that the defendant would be better served in having his ineffective assistance of counsel claim addressed through the PCR process in which his claims might be briefed in a more thorough manner. We, therefore, decline to address this assignment of error.

Error Patent
Pursuant to La.C.Cr.P. art. 920(2), we have reviewed the record for error patent and note discrepancies in the written judgments and the sentencing transcripts regarding sentences imposed in No. 80,335 and No. 83,268. The written judgments signed in July 1998, provide that after revocation of probation, the sentences imposed in No. 80,335 and No. 83,268 run consecutive. The minutes are ambiguous. However, the transcript from the proceeding on May 19, 1997, clearly indicates that the district court imposed the concurrent ten year sentences in No. 80,335 and No. 83,268 and imposed an additional ten year sentence in No. 84,911 to be served consecutive to the concurrent sentences in the previous two cases, for a total sentence of twenty years. The district court did not order the sentences in No. 80,335 and No. 83,268 to be served consecutively.
The district court is required to pronounce sentence, but a written judgment is not required. La.C.Cr.P. art. 871; State v. Boyte, 571 So.2d 722 (La.App. 2nd Cir.1990). Discrepancies between a written judgment and the sentencing transcript should be resolved in favor of the oral sentence reflected in the sentencing transcript. State v. Boyte, supra. The transcript likewise prevails when there are discrepancies between it and the minutes. Id. The sentence as set forth in the sentencing transcript is in accordance with the plea agreement, which is also discussed in the transcript. Discrepancies in the written judgments and ambiguities in the minutes do not affect the substantial rights of the defendant. La.C.Cr.P. art. 921. Therefore, reversal is not warranted.
In accordance with the sentencing transcript of May 19, 1997 and for the sake of clarity, we amend the defendant's sentence to provide that probation in No. 80,335 and No. 83,268 is revoked and the concurrent ten year sentences at hard labor and without benefit of probation, parole, or suspension of sentence are imposed. We further amend in accordance with the sentencing transcript of May 19, 1997, to provide that in No. 84,911, the defendant is to serve an additional ten years at hard labor, without benefit of probation, parole, or suspension of sentence, consecutive to the concurrent sentences in No. 80,335 and No. 83,268.

DECREE
In accordance with the aforementioned reasons, we affirm the convictions and sentences of the defendant, as amended.
AFFIRMED.
NOTES
[1] The legislature enacted La.C.Cr.P. art. 556.1, effective August 15, 1997, to clarify the jurisprudence concerning the knowing and voluntary nature of guilty pleas. La Acts 1997, No. 1061. Article 556.1 requires the court to address the defendant in open court and inform him of the nature of the charge to which the plea is offered, the mandatory minimum penalty, if any, and the maximum possible penalty. This article is interpretive in nature and, consequently, informs and guides our consideration of this case, even though it was not in effect and not utilized at the May 19, 1997 plea colloquy and sentencing. See State v. Hill, supra.