JjDREW, J.
Originally indicted for aggravated rape, a violation of La. R.S. 14:42(A)(4), punishable by death or imprisonment for life without benefit of parole, probation or suspension of sentence, Lawon Johnson entered a guilty plea to attempted aggravated rape. Under the terms of the plea bargain, the state, in addition to reducing the charge, dismissed two unrelated drug distribution charges against the defendant. The trial court denied a timely motion for reconsideration of the 50-year sentence which defendant then appealed as excessive. For the following reasons, the conviction and sentence are set aside and the matter is remanded for further proceedings.
Personnel with the Child Protection Agency notified Bossier City Police in October 1997 of the sexual abuse of a three-year-old girl (LG) who was hospitalized for treatment of gonorrhea. When the child’s mother left the child with her father, the father and the paternal grandmother noticed symptoms. The father took the child for medical treatment.
In the course of the investigation, the police interviewed the defendant, who was the mother’s boyfriend. In the first interview, defendant stated that on September 29, 1997, he babysat LG and her twin sister while their mother was at work. LG was asleep on the sofa with her legs apart while her twin was asleep in bed. Defendant admitted he moved aside LG’s panties, but did not remove them, and touched the child’s vagina for approximately four minutes. Twice he placed his index finger inside her vagina to the first “bending point” of his finger. According the defendant, LG never awoke and he carried her to her bed after this incident.
Subsequently, both defendant and LG’s mother tested positive for gonorrhea. At a second interview conducted by the Bossier police, defendant informed officers he had not been completely truthful at the first interview. On |2the night when the sexual contact with LG occurred, defendant acknowledged he had placed his semi-erect penis approximately one-half inch into LG’s vagina. Defendant was then charged with one count of aggravated rape.
Pursuant to a plea bargain, defendant pled guilty to attempted aggravated rape which is punishable by imprisonment at hard labor for not less than 10 nor more than 50 years without benefit of parole, probation or suspension of sentence. La. *473 R.S. 14:42(D)(2)(b) and 14:27(D)(1). The state also dismissed two unrelated charges for distribution of cocaine. The trial court sentenced the defendant to the maximum 50 years at hard labor without benefit of probation, parole or suspension of sentence. Defendant responded with a motion for reconsideration of the sentence and introduced into the record a psychological evaluation which found that defendant did not fit the typical profile of a pedophile and noted that defendant had a history of heterosexual relationships with age-appropriate partners. The trial court considered the submission and denied the motion to reconsider. Thereafter, the defendant appealed and argued his sentence was excessive.

ERROR PATENT

The trial court failed to comply with the provisions of La. C.Cr.P. art. 556.1 during the defendant’s guilty plea. The trial court did not inform the defendant of the mandatory minimum penalty for attempted aggravated rape; i.e. 10 years at hard labor without benefit of probation parole and suspension of sentence. Without more, this deficiency might have been viewed as harmless error, since the defendant received the maximum sentence and did not assert that the plea was involuntarily or unknowingly made. We are not prepared at this time to hold that any deficiency in compliance with La. C.Cr.P. art. 556.1 mandates a reversal, since the statute contains no sanction. See State v. Stiles, 31,854 (La.App.2d Cir.), 733 So.2d 612, writ granted, 99-1753 (La.12/17/99), 751 So.2d 865, which is pending before the Louisiana Supreme Court.
While the trial court advised the defendant that the maximum sentence was 50 years at hard labor, the trial court did not inform the defendant that the sentence was without benefit of probation, parole or suspension of sentence. The record does not show that anyone else advised defendant of this mandatory aspect of the sentence. A 50-year sentence without benefit is substantially more severe than a 50-year sentence under which the offender gets parole benefits.
In State v. Hill, 30,552 (La.App.2d Cir.5/13/98), 714 So.2d 814, this court explained that before entering a guilty plea, the defendant must be advised of and must waive his constitutionally guaranteed right to a trial by jury, right of confrontation and right against compulsory self-incrimination. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971). Defendant received that advice and made those waivers in this matter. Further, a defendant’s guilty plea must be knowingly and voluntarily made. Advising the defendant of certain facts beyond the three Boykin rights supports the knowing and voluntary nature of the plea. State ex rel. LaFleur v. Donnelly, 416 So.2d 82 (La.1982).
In LaFleur, the district court did not advise the defendant that a firearms sentence necessarily excluded probation, parole or suspension of sentence. The court opined that it was probably more important to a defendant’s decision to plead guilty to understand the maximum penalty exposure than to understand his Boykin rights. A full explanation including the legislature’s decision that part of the penalty was denial of parole eligibility was particularly important, since the accused was undoubtedly more concerned about the possibility of an early release |4than about his technical rights to confront his accusers at trial along with his other constitutional rights. LaFleur, swpra; Hill, supra.
While the Supreme Court has never reversed LaFleur, supra, or retracted its rationale, it has noted that the Boykin “triad of rights” has not been expanded. In State v. Anderson, 98-2977 (La.3/19/99), 732 So.2d 517, which dealt with predicate offenses for DWI, Third, the court cited LaFleur and La. C.Cr.P. art. 556.1, and *474 noted that while advice as to defendant’s sentencing exposure may facilitate the taking of a knowing and voluntary guilty plea, that advice has never formed part of the Court’s core Boykin requirements for a presumptively valid guilty plea. The cases cited in support of that statement also dealt with Boykin colloquies in predicate offenses. See State v. Nuccio, 454 So.2d 93 (La.1984); State v. Baum, 95-384 (La.App. 3rd Cir.10/4/95), 663 So.2d 285, writ denied, 95-2685 (La.2/9/96), 667 So.2d 528.
However, this court has consistently followed LaFleur and vacated a plea when the record showed that the defendant was not informed of the correct sentencing range and the “without benefit” provision. Hill, supra and cases noted therein; and State v. Smith, 513 So.2d 544 (La.App. 2d Cir., 1987). This defendant received a substantially more severe sentence than the sentence about which he was informed at his guilty plea. The failure to advise the defendant that his 50-year maximum exposure was to be served without benefit of probation, parole and suspension of sentence resulted in the plea not being knowingly made and is reversible error. Smith, supra. This deficiency was particularly crucial here, since the maximum sentence was imposed.
IsThe defendant’s guilty plea and sentence are reversed. Therefore, a discussion of defendant’s complaint that the sentence is excessive is pretermitted.[1]

DECREE

For the reasons stated herein, the defendant’s guilty plea is vacated, his conviction and sentence are set aside and this matter is remanded for further proceedings at which the trial court should comply with the provisions of La. C.Cr.P. art. 556.1.
GUILTY PLEA VACATED; CONVICTION AND SENTENCE SET ASIDE; REMANDED FOR FURTHER PROCEEDINGS.
PEATROSS, J., concurs in the result.

. We also note that the trial court did not inform defendant of the mandatory provision of 15:574.4 which requires that defendant serve 85% of his 50-year sentence prior to his being eligible for good time. This court considered the same deficiency in Hill, supra. Because the denial of good time in that case was not mandated by the statute at issue (14:43.1), this court did not intend to engraft it onto the statute and did not utilize the good time issue in reaching its decision. The same applies in this case.