I,DREW, J.
Defendant pled guilty as charged to six counts of simple burglary, La. R.S. 14:62, in exchange for the agreement of the prosecution and the district court that concurrent sentences would be imposed and that the state would not charge defendant with being a habitual offender. The charges arose out of a series of burglaries by White of the DeSoto Parish Police Jury barn from which a variety of items including equipment, gasoline, candy and cash were taken. Following the denial of his motion for reconsideration of his sentence, defendant appealed his six concurrent nine-year sentences as excessive and urged that the district court committed reversible error during the guilty plea colloquy. On its face, this record does not reflect that White’s guilty plea was knowingly and voluntarily made. We regretfully vacate the conviction, set aside the sentence and remand for further proceedings.
In brief, White argued that the trial court erred in the Boykin examination by failing to adequately advise defendant of the nature of the charges against him, of his right to compulsory process and of the penalty exposure he faced. In State v. Hill, 30,552 (La.App.2d Cir.5/13/98), 714 So.2d 814, this court explained that before entering a guilty plea, the defendant must be advised of and must waive his constitutionally guaranteed right to a trial by jury, right of confrontation and right against compulsory self-incrimination. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971). White received that advice and made those waivers in this matter. Further, a defendant’s guilty plea must be knowingly and voluntarily made. Advising the defendant of certain facts beyond the three Boykin rights supports the knowing and voluntary nature of the plea. State ex rel. LaFleur v. Donnelly, 416 So.2d 82 (La.1982).
|?In LaFleur, the district court did not advise the defendant that a firearms sentence necessarily excluded probation, parole or suspension of sentence. The court opined that it was probably more important to a defendant’s decision to plead guilty to understand the maximum penalty exposure than to understand his Boykin rights. A full explanation, including the legislature’s decision that part of the penalty was denial of parole eligibility, was particularly important since the accused was undoubtedly more concerned about the possibility of an early release than about his technical rights to confront his accusers at trial along with his other constitutional rights. LaFleur, supra; Hill, supra.
While the Supreme Court has never reversed LaFleur, swpra, or retracted its rationale, it has noted that the Boykin “triad of rights” has not been expanded. *654 In State v. Anderson, 98-2977 (La.3/19/99), 732 So.2d 517, which dealt with predicate offenses for third offense DWI, the court cited LaFleur and La. C. Cr. P. art. 556.1, and noted that while advice as to defendant’s sentencing exposure may facilitate the taking of a knowing and voluntary guilty plea, that advice has'never formed part of the Court’s core Boykin requirements for a presumptively valid guilty plea. The cases cited in support of that statement also dealt with Boykin colloquies in predicate offenses. See State v. Nuccio, 454 So.2d 93 (La.1984); State v. Baum, 95-0384 (La.App. 3rd Cir.10/4/95), 663 So.2d 285, writ denied, 95-2685 (La.2/9/96), 667 So.2d 528.
However, this court has consistently followed LaFleur and vacated a plea when the record showed that the defendant was not informed of the correct sentencing range. The failure has been held to result in the plea not being knowingly made and to be reversible error. State v. Watts, 550 So.2d 711 (La.App. 2d Cir.1989); State v. Smith, 513 So.2d 544 (La.App. 2d Cir.1987).
|3In addition, after August 15, 1997, La. C. Cr. P. art. 556.1 has required the trial court, prior to accepting a guilty plea, to inform the defendant of the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law. The instant guilty plea was entered in April 1999. As previously noted, the trial court did not inform the defendant of the sentencing range for simple burglary. Further, the record does not show that anyone else advised defendant of the sentencing range and maximum possible sentence. However, we are not prepared at this time to hold that any deficiency in compliance with La. C. Cr. P. art. 556.1 mandates a reversal, since the statute contains no sanction. See State v. Stiles, 31,854 (La.App.2d Cir.2/24/99), 733 So.2d 612, unit granted, 99-1753 (La.12/17/99), 751 So.2d 865, which is pending before the Louisiana Supreme Court.
The defendant was not properly advised of the sentencing range for simple burglary; i.e., a fíne of not more than $2,000.00 and/or imprisonment with or without hard labor for not more than 12 years. La. R.S. 14:62. Because of this deficiency, the record does not reflect that the plea was knowingly and voluntarily made. Therefore, the defendant’s guilty plea and sentence must be reversed. This result pretermits a discussion of defendant’s complaint that the sentence is excessive.

DECREE

For the reasons stated herein, the defendant’s guilty plea is vacated, his conviction and sentence are set aside and this matter is remanded for further proceedings at which the trial court should comply with the provisions of La. C. Cr. P. art. 556.1.
GUILTY PLEA VACATED; CONVICTION AND SENTENCE SET ASIDE; REMANDED FOR FURTHER PROCEEDINGS.
PEATROSS and STEWART, JJ., concur in the result.