827 So.2d 1196 (2002)
STATE of Louisiana, Appellee
v.
Sherman WHITFIELD, Appellant.
No. 36,402-KA.
Court of Appeal of Louisiana, Second Circuit.
September 18, 2002.
*1197 Peggy J. Sullivan, Monroe, Louisiana Appellate Project, for Appellant.
Richard P. Ieyoub, Attorney General, Jerry L. Jones, District Attorney, H. Stephens Winters, Assistant District Attorney, for Appellee.
Before GASKINS, PEATROSS and KOSTELKA, JJ.
GASKINS, J.
The defendant, Sherman Whitfield, was charged with second degree battery and aggravated false imprisonment. Pursuant to a plea bargain, the defendant entered a plea of guilty to the second degree battery charge and the state dismissed the charge of aggravated false imprisonment and a related charge of aggravated rape. The trial court imposed a sentence of five years at hard labor and a fine of $750,[1] and suspended the execution of all but two and one-half years of the imprisonment. The court further ordered that the defendant undergo anger management counseling, write a letter of apology and explanation to the victim, and pay her restitution of $200 for her pain and suffering. He was also ordered to have no contact with the victim. The court denied a timely motion for reconsideration of sentence. On appeal, the defendant argues his sentence is excessive. We affirm.

FACTS
On the night of August 14, 2001, the victim was at the defendant's Monroe residence, drinking with him and some other friends. As she had occasionally in the past, the victim spent the night there rather than walk home. The defendant awoke in the early morning hours of August 15 and began touching the victim's body, saying he was tired of folks spending the night and not giving anything in return. The defendant obtained a knife, grabbed the victim by the neck, choked her, ripped her clothing, forced her onto a bed and engaged in intercourse with her. Afterwards the defendant prevented the victim from leaving and struck her numerous times. As a result of the beating, she sustained a broken nose. A maintenance worker heard the victim screaming and knocked on the door. When the defendant answered the door, the maintenance worker observed him blocking the victim from exiting. While the door was open, the victim managed to escape. According to her, she was held in the room for more than an hour.

LAW
The test imposed by the reviewing court in determining the excessiveness *1198 of a sentence is two-pronged. First, the record must show the trial court took cognizance of the criteria set forth in La. C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of La.C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864. Our review of the record clearly shows an adequate factual basis for the sentence imposed.
A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, supra.
As a general rule, maximum sentences are appropriate in cases involving the most serious violation of the offense and the worst type of offender. State v. Grissom, 29,718 (La.App.2d Cir.8/20/97), 700 So.2d 541; State v. Walker, 573 So.2d 631 (La.App. 2d Cir.1991). However, in cases where the defendant has pled guilty to an offense which does not adequately describe his conduct, the general rule does not apply and the trial court has great discretion in imposing the maximum sentence possible for the pled offense. This is particularly true in cases where a significant reduction in potential exposure to confinement has been obtained through a plea bargain and the offense involves violence upon a victim. State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430.
Prior to imposing sentence, the trial court considered a presentence investigation (PSI) report which provided detailed information concerning the 52-year-old defendant. The court noted the dismissal of the related charges through the plea bargain and considered the facts of the case. It also reviewed the defendant's work record and his criminal history. The defendant had convictions in 1984 for second degree battery and for misdemeanor assault causing bodily injury in 1995. He had two other arrests for battery and assault, but those charges had been dismissed. The court noted that the defendant's crimes against the person generally involved domestic female partners and that the instant offense was also a crime of violence. The court determined that the defendant was in need of custodial treatment and that a lesser sentence would deprecate the seriousness of the offense. The court expressed its opinion that the defendant was afforded substantial leniency by the prosecution. The court reiterated that the defendant was a second felony offender convicted again on the same type of offense as in his first conviction. However, in mitigation, the court noted the fairly substantial period of time between these offenses.
On this record, we do not find constitutional error. The offense of conviction does not adequately describe the defendant's criminal conduct. He obtained a significant reduction in sentencing exposure through his plea bargain. He has a history of crimes of violence committed upon female victims, including a prior conviction for second degree battery.
*1199 The sentence imposed is lawful. Given the circumstances of the case, the sentence imposed is neither grossly disproportionate to the severity of the offense nor is it shocking to our sense of justice. There is no showing of an abuse of the trial court's discretion in the imposition of this sentence which is not constitutionally excessive.

CONCLUSION
The defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Although the transcript is silent as to default jail time, the written judgment provides for one year imprisonment in default of the fine. Where there is such a conflict, the transcript controls. State v. Sebastien, 31,750-31,752 (La.App.2d Cir.3/31/99), 730 So.2d 1040, writ denied, 99-1426 (La.10/29/99), 748 So.2d 1157.